## No. 1212.

### CRESCENT CITY ICE COMPANY VS. ABRAM ERMANN.

A litigant who fails to produce proof within his reach creates a presumption that it would be prejudicial to his case, and this presumption is strengthened when the evidence is in his possession and has been called for by his adversary by a demand upon him to produce it.

| 36 | 841 |
| 106 | 591 |
| 36 | 841 |
| 109 | 1043 |
| 36 | 841 |
| 112 | 1007 |

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Goode*, J.

*P. H. Mentz* and *Foster & Suthon* for Plaintiff and Appellee.

*B. F. Winchester* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The suit is for the recovery of two thousand nine hundred and fifteen dollars for ice furnished the defendant, whose defence is that he bought the ice from one Joseph Dreyfus and owes the plaintiff nothing.

The defendant is an ice dealer in Morgan City. Dreyfus was a wholesale dealer in liquors and cigars in New Orleans, was the personal friend of Ermann, and the medium through whom Ermann's drafts, cheques, etc. were collected. Ermann's funds were left with Dreyfus, and he drew on Dreyfus whenever there was occasion. Dreyfus failed in October 1883. The ice was furnished in September and October, the last shipment being on the 19th. several days before Dreyfus' failure.

Ermann's contention is that Dreyfus was his commission merchant, from whom he ordered ice and whom he paid for it by the several re-

mittances he made from time to time.   There does not appear to have been any settlement of their accounts.   There is nothing to shew that Dreyfus charged Ermann with these several ice-bills, and that Ermann's funds in Dreyfus' hands were thereby diminished.   Dreyfus says he owes Ermann nothing on account.   Ermann says "when Mr. Dreyfus failed he owed him a little amount, which has since been paid." Dreyfus swears stoutly that he alone owes the bill, but neither he nor Ermann have furnished any evidence beyond their own asseverations that they or either of them understood at the time that the one was selling ice and the other was buying it, much less is there proof that the plaintiff understood it was selling ice to Dreyfus and was looking to him for payment.

And a significant fact is that the plaintiff endeavoured to furnish such proof as would shew the contemporaneous acts of the parties, and was thwarted by the defendant.   The plaintiff gave the defendant notice before the trial to produce his cheque book and the several bills of the plaintiff for the sixteen shipments of ice.   If it were a fact that the Ice Co. was selling to Dreyfus, these bills would have shewn it, and would have therefore established that the plaintiff was giving credit all the time to Dreyfus alone.   The defendant did not produce them, and says he made no effort to get them.   The presumption is always and inevitably against a litigant who fails to furnish evidence within his reach, and it is the stronger, when the documents, writings, etc would be conclusive in establishing his case.   It is a legal inference that the writings would prejudice him whenever he fails to produce them, and when too his adversary had challenged the production of them as a decisive test of their respective pretensions.

The lower court gave judgment for the full demand.

Judgment affirmed.