No. 8969
Orleans

C. E. COCKRELL, Appellant, v. CAPITAL CITY AUTO CO., INC., ET AL.

(October 5, 1925, Opinion and Decree)
(January 4, 1926, Writ of Certiorari and Review Denied by the Supreme Court)

*(Syllabus by the Court.)*

1. Louisiana Digest—Sales—Par. 1, 79.
Where misrepresentations fraudulently or erroneously made by the vendor causes the purchaser to buy that which is different from the thing he intended to acquire, he may sue for rescission of sale and recover the price, it being plain under such facts that consent, essential to a contract, is lacking.

Appeal from the Civil District Court for the Parish of Orleans, Division "E", Hon. Wynne G. Rogers, Judge.

Plaintiff sues the Capital City Auto Company, Inc., and Louis Becker, *in solido*, for rescission of contract of sale of an automobile, and for the return of the purchase price, amounting to $500.00. The trial court rendered judgment as prayed for. against the auto company only and dismissed the suit as to Becker. The appeal involves liability *vel non* only as to the company, plaintiff not having appealed from the judgment as to Becker. Judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. D. Danziger, of New Orleans, attorney for plaintiff, appellee.

Chas. Schneidau, of New Orleans, attorney for defendant, appellant.

## OPINION

BELL, J.     Plaintiff sues the Capital City Auto Company, Inc., and Louis Becker, *in solido*, for rescission of contract of sale of an automobile, and for the return of the purchase price, amounting to $500.00. The trial court rendered judgment as prayed for against the auto company only and dismissed the suit as to Becker. The appeal involves liability *vel non* only as to the company, plaintiff not having appealed from the judgment as to Becker.

The petition alleges that plaintiff was induced, through fraud, deceit and misrepresentations of both Becker and the Capital City Auto Company, Inc., to purchase a second hand automobile, represented to plaintiff as a 1919 model; that the auto company, not having the car in its own name, secured Becker, in whose name as owner the car was licensed or registered, to transfer same by notarial act, to plaintiff for $500.00; that this consideration was paid in full by plaintiff to the auto company; that plaintiff subsequently discovered the car to be a 1918 (not 1919) model, worth fully $150.00 less in value than a 1919 model; that he at once notiifed both

defendants of the discovery and tendered each of them the car and demanded return of his money, all to no avail.

Appellants' defense is substantially a general denial.

The case has been submitted to this court only on briefs.

We find that the record abundantly establishes the fact that appellant, not Becker, was in truth the vendor of the automobile. The evidence shows that Becker had contracted with the auto company for the purchase of a new car and that the value of his old car (the one here involved) and for which he was given credit on the new car, was $500.00, this amount being paid by plaintiff in two checks, drawn by him to the order of the auto company, and not to Becker. The written agreement of purchase signed by plaintiff on a printed form furnished by the auto company, through its salesman, shows clearly that the auto company negotiated the entire sale, and alone derived the benefit of its ultimate consummation. The preponderance of testimony is also to this effect. The notarial act of sale signed by plaintiff and also by Becker as the ostensible vendor, is likewise signed by the auto company's sales agent as a witness to the transfer. The car involved in this suit is described in the act of sale as "one used Oldsmobile, 1919 model". The record before us develops an unbroken chain of evidence, most convincing, that this sales agent, to the knowledge of appellant and with its approval and authority, acted with Becker in consumating the sale of the car to plaintiff. There is no room for doubt that appellant's agent, however deceived he may have been by Becker, did himself represent to plaintiff and undoubtedly led plaintiff to believe that the car was of a 1919 model. Plaintiff's knowledge, to the contrary, was only brought home to him when applying for insurance on the car

shortly after its purchase. His intention to buy only a 1919 model, and the agent's positive representations as to the model, is found in plaintiff's unrebutted testimony, from which we partly quote, as follows:

"Q. Who said the price was $500.00?
"A. Mr. Swope.
"Q. Who was he?
"A. He was agent for the Capital City Auto Co.
"Q. What did he say as to what model the car was?
"A. He told me it was a 1919, the Oldsmobile.
"Q. Now, did you finally accept the automobile?
"A. Yes, sir, I told him I would take it. He said 'give me a check for $50.00, as a binder', which I did. We went into my dining room and he sat down and drew up an agreement, and he said 'the transaction is through the Capital City Automobile and not Mr. Becker'."

The insurance policies covering the car and issued in favor of its original owner, have been offered in evidence. They establish beyond dispute that the car was a 1918 model.

The facts of this case clearly vitiate plaintiff's consent to purchase the car which he was induced to believe, through defendant's agent, was a 1919 model.

It follows, within the provisions of Art. 1819 R. C. C., that the absence of consent invalidates the contract and entitles plaintiff to a rescission of the sale and return of the purchase price.

A false statement as to age or model of a car, made to induce a sale, and relied upon by the purchaser, is a false statement of a material fact, which furnishes ample ground for rescission. Pitcher vs. Weber, 103 Maine 101, 68 Atl. 593.

We find no error in the judgment of the trial court.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed at defendant's costs in both courts.