No. ——

First Circuit

——

VIOLETTE v. CAPITAL CITY AUTO COMPANY, INC.

——

(June 26, 1926, Opinion and Decree)

——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 216, 218, 225.**

One who purchased an automobile with a 1921 motor being made to believe by seller that it was a 1923 motor is entitled to the difference in the value of the two motors if he does not discover this until after he had driven the car over a year.

2. **Louisiana Digest—Sales—Par. 232.**

In view of Article 2531 and 2547 of the Civil Code damages for repairs to an automobile motor can only be recovered if the seller knowingly deceives the buyer and practices fraud upon him.

Appeal from the Parish of East Baton Rouge, Hon. Wm. Carruth Jones, Judge.

Action by E. M. Violette against Capital City Auto Company, Inc.

There was judgment for plaintiff. Defendant appealed.

Judgment amended and affirmed.

L. W. Brooks, of Baton Rouge, attorney for plaintiff, appellee.

Chas. A. Holcombe, of Baton Rouge, attorney for defendant, appellant.

LECHE, J.   The present suit is to rescind the sale of a second-hand or as more refinely expressed in the language of the trade, a used automobile.   The plaintiff in consideration of seven hundred dollars, bought an automobile from defendant on October 16, 1923, he used it continuously from that time, making a trip from Baton Rouge to New Orleans in December, 1923, driving it to Trenton, in the northern part of Missouri in June, 1924, and back to Baton Rouge in September following, and he then filed the present suit on December 16, 1924.

He alleges in substance that when he bought the automobile, it was represented to him as a second-hand machine, with body and chassis of a Studebaker special six, model of 1921, and with a motor of the same make, but model of 1923.   That he did not find out until August, 1924, when it became necessary for him to have the motor overhauled while in Missouri, that instead of a motor, model of 1923, he had been deceived by defendant's sales agent and that the motor was in reality one of the model of 1921.   He avers that he would not have bought if he had been told that the motor was the model of 1921 and that he only consented to make the purchase when told and informed by the agent that the motor was new, model of 1923, and had only made about 500 miles.   That he had no means of sooner discovering the deception thus practiced upon him.   Plaintiff then alleges in the alternative that if the court should hold that he is not entitled to a rescission of the sale, he is entitled to a reduction of the price and to damages which he fixes as follows:   Difference in value between a motor of 1921 and a motor of 1923, $222.39, and repairs paid to a garage

in Missouri, $43.00, making a total of $265.39. The answer is practically a general denial. The trial court found in favor of plaintiff and awarded him the latter amount. From that judgment defendant has appealed.

In this court, the plaintiff's right to a rescission of the sale has virtually passed out of the case. He has not appealed, nor has he answered defendant's appeal. So that we have to consider his demand purely as an action quanti minoris.

There is little dispute as to the law of the case and the contest between the parties is entirely limited to a question of fact.

The plaintiff is one of the professors in the Louisiana State University in Baton Rouge. He testifies most positively and distinctly that defendant's salesman represented to him and assured him that the motor with which the automobile was equipped, was new, was of the model of 1923 and had only made about 500 miles. In this he is supported and corroborated by the testimony of his wife, and by the testimony of his son and of his daughter who at the time were students of the State University. On the other hand, the defendant most strenuously denies that any such representation was ever made. The salesman who negotiated the sale on behalf of defendant, denies that he ever made such representation and in this he is corroborated by his wife.

Plaintiff also testifies that after his return from Missouri, and after he had discovered that the engine was of the year 1921, instead of 1923, he asked the salesman in the presence of his (plaintiff's) wife and in the presence of the manager of the defendant company, whether the motor had not been represented to him as

being of the year 1923 and the salesman answered "yes". In this he is corroborated by his wife, but both the salesman and manager of defendant emphatically deny the truth of this statement.

Plaintiff is a member of the faculty of the Louisiana State University and that of itself is a high recommendation for probity and integrity. His wife and children must of necessity be of the same type and standing. On the other hand, the manager of defendant company and its salesman are well known business men in the City of Baton Rouge, enjoying the respect and confidence of their fellow citizens, for both have been honored in the past with official positions of distinction under their local government. The court is therefore placed in the embarrassing situation of having to eke the truth out of testimony apparently very conflicting, from witnesses of equal credibility but who contradict one another in the most positive language.

It seems that the motor in question is admittedly of the year 1921, but that at some time, just prior to the sale of the automobile to plaintiff, it was thoroughly overhauled and rebuilt in defendant's shop in Baton Rouge. There is testimony to the effect that many of the parts were changed and that the new parts were the same as those used in motors of the year 1923, notably, the exhaust or intake manifold. It may be that this reconstruction of the motor may have led to some misunderstanding between the parties. It seems however, rather well established that plaintiff believed he was buying a motor of 1923 while he only received a motor of 1921. If there was such misunderstanding, that of itself would be sufficient to avoid the sale as the consent necessary in the legal confection of that contract would then be lacking. But in the present condition of the case, and under the pleadings

such a decree cannot be entered. Nor could the plaintiff restore the situation as it existed originally, after having used the automobile for over one year and driven it over ten thousand miles, for he could not return the motor in the condition in which it was when he received it in October, 1923. But both law and equity require that plaintiff be recognized as entitled to the difference in value of the motor which he bought and of the motor which he believed he was buying, viz: $229.39. As to the item of damages, for repairs, forty-three dollars, plaintiff, under the Articles of the C. C., 2531 and 2547, can only recover if the seller knowingly deceived him and practiced fraud upon him. This we are loth to believe. Error and misunderstanding are more likely the real cause of the differences between the parties.

For these reasons, the judgment appealed from is reduced from two hundred and sixty-five 39-100 dollars to two hundred and twenty-nine 30-100 dollars and as thus amended, is affirmed, plaintiff and appellee to pay costs of appeal.