No. ——

First Circuit

COLT CO. v. GARMAN

(May 3, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Evidence—Par. 222, 236.

When a written contract is silent as to what use will be made of the article sold, parol proof under the allegations may be introduced to show what use was to be made of the article sold.

2. Louisiana Digest—Evidence—Par. 349; Sales—Par. 152, 160.

Where the uncontradicted evidence shows that an acetylene gas generator sold for the purpose of cooking would not cook, the purchaser will not be required to pay for it.

Appeal from the District Court, Parish of Jefferson Davis. Hon. Thomas F. Porter, Judge.

Action by J. B. Colt Company against I. V. Garman.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Miller & Miller, of Jennings, attorneys for plaintiff, appellant.

John B. Fournet, of Jennings, attorney for defendant, appellee.

ELLIOTT, J. Appeal from the District Court, Parish of Jefferson Davis; Thomas F. Porter, Judge. Suit to compel payment of the contract price of an acetylene gas

generator and fixtures, sold for the purpose of being used in cooking.

J. B. Colt Company sold an acetylene gas generator and fixtures to I. V. Garman for the price and sum of $350.00. The machine above referred to is spoken of by the plaintiff in a letter addressed to defendant, of date October 15, 1924, acknowledging receipt of his order as a Colt Carbide Lighting Plant. This suit is to compel Garman to pay the price stipulated in the order which he signed in which he agreed to buy it. Various defenses are urged by defendant, the principal one being that the machine was sold to him for the purpose of being used to cook with, like a stove or range, and that it would not serve the purpose for which it was sold. The trial judge, after hearing the evidence and stating reasons therefor, rendered judgment rejecting plaintiff's demand. The plaintiff appealed. When defendant offered parol evidence for the purpose of showing that the machine had been sold him for the purpose of being used to cook with, plaintiff objected on the ground that parol evidence was not admissible for such a purpose, that such evidence was beyond, in addition to and contrary to the written order which defendant had signed and which the plaintiff had accepted. The district judge overruled the objection and heard the evidence and plaintiff urges that the ruling was erroneous. We think the ruling was correct. The contract sued on is silent as to the purpose for which the object was sold. In such a situation, when the written contract is silent and says nothing on the subject, then parol evidence may be introduced for the purpose of supporting an allegation that the thing was sold for the purpose of being used to cook with, etc.

The contract sued on does not expressly say what the thing is, what it is called or good for, nor what it was sold for the purpose of doing, but mention is made in the contract of carbide, generators, burners, stoves, globes; from which we assume that it must be an instrument or thing intended for cooking or lighting, or both. I. J. B. Colt Company vs. Seal, 4 La. App. 618, the machine sold was a lighting plant for use in lighting a dwelling. In this case, according to the evidence, the machine in question was sold for the purpose of being used to cook with as a stove or range is used. The uncontradicted evidence is that, after due trial in defendant's restaurant, it would not cook. Such being the case, defendant should not be required to pay for it, as it will not serve the purpose for which it was sold. The judgment appealed from is correct. Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.