No. 3668

Second Circuit

———

**BARNIDGE v. CAPPEL MOTOR CO. ET AL.**

———

(January 31, 1930.   Opinion and Decree.)

———

Overton & Hunter, of Alexandria, attorneys for plaintiff, appellee.

F. B. Cappel, of Alexandria, attorney for defendants, appellants.

DREW, J. Plaintiff sues the Cappel Motor Company, a commercial partnership, and each member of said partnership, alleged to be George Hollingshead, Wm. Morros, and Curry Cappel, in solido, for rescission of contract of sale of an automobile, and for the return of the purchase price, amounting to $895, with 5 per cent interest thereon from August 30, 1926, until paid, and for the additional amount of $100, with 5 per cent interest thereon from judicial demand until paid, for loss of time for 10 trips to defendant company's place of business for repairs on said car.

Plaintiff alleges the car was represented to him as a new car and in good mechanical condition; that he purchased the car, of the Overland-Whippet make, on August 30, 1926, and soon thereafter various mechanical defects appeared, and the operation of same became so difficult as to make it necessary for plaintiff to carry said car to defendants to ask for adjustments and repairs; that he had to travel a distance of 80 miles, going and coming, each trip he made, leaving his business; that the car was at all times unsuitable and defective and failed to serve plaintiff as a new car would and should have done; that on May 15, 1927, plaintiff discovered that the car he bought for a new car was in fact a used or secondhand car and had been sold to another party before he purchased it, and that defendants had knowledge of this fact at the time the sale was made to plaintiff;

that he would not have purchased the car if he had known it was a secondhand car; and alleging misrepresentation and fraud on part of defendants and their agents. He further alleges that, as soon as he discovered that he had bought a secondhand car, he took it to defendants and tendered it to them and demanded the return of the money paid by him for the car, and said tender was refused.

All defendants, with the exception of Curry Cappel, answered plaintiff's suit alleging that the car sold to plaintiff was a new car and had never been used as a demonstration car; denying that it had been sold to any other person or that it was mechanically defective; admitting the representations made to plaintiff; admitting the tender by plaintiff of the car and his demand for the return of his money; and denying that plaintiff made numerous trips to defendants' place of business to have the car repaired.

The case went to trial on these issues, and there was judgment in the lower court for plaintiff against all defendants, except Curry Cappel, for the amount prayed for by plaintiff, and rescinding the contract of sale. Plaintiff did not appeal from the judgment rejecting the demands as to Curry Cappel; therefore the appeal does not involve the liability of Curry Cappel.

The evidence shows that the car was defective from a mechanical standpoint and did not give the service to be expected from a new car; this is borne out by the testimony of the defendants in offering to place a new engine in the car, although this was done after suit had been filed, and their offer to put in new parts before the suit was filed. The preponderance of testimony also shows that the car sold to plaintiff had been previously sold to a Mr. McDonald, and that he operated it for sev-

eral days and returned it to defendants because it did not come up to the representations made him by defendants. McDonald testified that the motor number of the car he bought was 96-3243, which is the same motor number of the car purchased by plaintiff; he described certain broken wires and scratches on the motor meter of the car he purchased and returned, and these same broken wires and scratches are found on the car of plaintiff; this testimony is corroborated by several witnesses. McDonald accounted for his knowing the motor number for so long a time after he had owned the car by stating that he had partially filled out an application for license and had placed the motor number in the application and had same on file in his shop.

Defendants deny that they ever sold this car to McDonald, but admit that they left with him on trial a car of same make and similar in every respect, and that McDonald returned the car to them several days later, and they immediately sold it to a man in St. Landry parish, on credit; that a chattel mortgage was taken and placed of record in St. Landry parish; that they later got the car back from the St. Landry man and sold it to a lady in Avoyelles parish, on credit, and took a mortgage and placed it of record in Avoyelles parish. But they did not offer the chattel mortgage in evidence, which would have conclusively shown the motor number of the car they claimed to have left with McDonald. It would have at least contradicted the testimony of McDonald in respect to the motor number of the car he acquired from defendant. His testimony on that point is nowhere contradicted.

"When effective proofs are within the reach of a party and he fails to produce them, a presumption is raised that they would, if produced, make against him."

Johnson vs. Marx Levy & Bro., 109 La. 1036, 1043, 34 So. 68, 71; Pruyn vs. Young, Sheriff, 51 La. Ann. 320, 25 So. 125.

"Where one of the parties to a suit has more means of knowledge concerning a matter to be proved than the other, the onus is on him." Bowman vs. McElroy, 15 La. Ann. 663; Crescent City Ice Co. vs. Ermann, 36 La. Ann. 841.

"Where a certain species of evidence is conclusive on the point, the failure to produce it by the party on whom the burden of proof devolves, carries with it the presumption that it does not exist." Succession of Hubee, 20 La. Ann. 97; Succession of Lampton, 35 La. Ann. 424; State vs. Jahraus, 117 La. 286, 293, 41 So. 575, 116 Am. St. Rep. 208.

The judge of the lower court rendered a written opinion in this case and found the facts to be as follows: That the car sold plaintiff is the same car sold McDonald and returned by him to defendants; that the car had been used and damaged; that McDonald returned the car because it did not come up to representations made to him by defendants herein, and that its condition was known to the defendants when they sold it to plaintiff; that the car was useless, or its use so inconvenient and imperfect that the plaintiff would not have purchased it had he known of its defects; and that it was a used car. The preponderance of evidence supports the facts as found by the lower court.

The facts of the case clearly vitiate plaintiff's consent to purchase the car which he was induced to believe, through defendants and their agent, was a new car and in perfect mechanical condition.

It follows, within the provisions of article 1819, R. C. C., that the absence of consent invalidates the contract and entitles plaintiff to a rescission of the sale and return of the purchase price.

One wishing to rescind the purchase must tender the machine to the seller within a reasonable time or he will lose his right of rescission. But the time within which the right is to be exercised· must be computed from the discovery of the fraud or the defect on which rescission is based and not from the date of sale, and any delay occasioned by an attempt to put the machine in proper working order will not prejudice the right of rescission.

"A false statement as to age or model of a car, made to induce a sale, and relied upon by the purchaser, is a false statement of a material fact, which furnishes ample ground for rescission." Cockrell vs. Capital City Auto Co., 3 La. App. 385.

In the same case, the court said:

"Where misrepresentations fraudulently or erroneously made by the vendor cause the purchaser to buy that which is different from the thing he intended to acquire, he . may sue for rescission of sale and recover the price, it being plain under such facts that consent, essential to a contract, is lacking."

This same doctrine is laid down in Violette vs. Capital City Auto Co., 4 La. App. 465; Borden-Aicklen Auto Supply Co., Inc., vs. Mid-City, Inc., 4 La. App. 489; Fernando Roses vs. Patorno, 2 La. App. 292; Colt Co. vs. Garman, 6 La. App. 296; Radio Shoppe vs. Bernard, 6 La. App. 747; Junius Hart Piano House vs. Tauzin, 5 La. App. 495.

The plaintiff made some use of the car while he had it in his possession, and the evidence shows that he used it to go to court in the trial of this case on one occasion; he had it in his possession from the day of purchase, August 30, 1926, until February, 1928, and used it the best he could until that time, and we are convinced that the use he made of the car during this time was sufficient to compensate him for the time he lost in carrying it back to defendants for repairs, and that his demand for $100 for loss of time, consisting of 10 trips to defendants' place of business, should have been rejected. The evidence of the loss of time, valued at $100, is not convincing.

Therefore it is ordered, adjudged, and decreed that the judgment of the lower court be amended by rejecting the demand for $100 for loss of time from business and as thus amended, it is affirmed. Cost of appeal to be paid by plaintiff and appellee.