GLADNEY, Judge.
Appellant instituted this suit to recover damages for an alleged misrepresentation as to the year and model of a certain automobile he purchased at appellee’s place of business.
Plaintiff, on March 7, 1950, visited the lot of the Moore Car Sales in Bossier City, Louisiana, for the purpose of buying a “used automobile”. He was approached by Max Hanna, a salesman for Hubert L. Moore, the owner of Moore Car Sales. As a result of this visit King purchased a Packard automobile for the sum of $2,495. Upon the completion of the transaction, a 'bill of sale was delivered by Hanna to appellant, which recites that the automobile sold was: “1950 Packard, 2 Dr. Sedan, No. H22978”. This bill of sale was signed:
“Louis B. Yarbrough
Moore Car Sales; by Max Hanna.”
From the record it would appear that the automobile purchased by appellant was one which was owned by Yarbrough and which he had entrusted to his kinsman, Max Hanna, to sell for his account. It is doubtful if Moore had any interest in the automobile.
Between the date of purchase and the date this cause was tried in the trial Court, on April 27, 1951, appellant had driven the car some 12,000 miles without complaint. He declares, however, that he has suffered loss of $500 inasmuch as the car was a 1949 model instead of a 1950 model, and that in addition to this sum, he is entitled to recover attorney’s-fees of $150 for having been forced to prosecute this suit.
The respondent by way of defense, denied that the car was of a 1949 make, and also declared that .it actually belonged to Yarbrough and he was in no wise responsible for the alleged loss of King because he had no interest in the automobile sold. He likewise filed, in the alternative, a re-conventional demand for rental of the car should the Court decree a nullity of the sale. At the close of the case Moore also filed an exception of no cause and no right of action, which was by the Court referred to the merits inasmuch as evidence in the case had already been recorded.
Judgment was rendered in favor of defendant rejecting plaintiff’s demands principally on the ground that King had failed to prove the automobile he purchased was actually a 1949 model. Inasmuch as the case turned upon an insufficiency of the evidence upon a vital point in the plaintiff’s case, the Court correctly declined to pass upon the other defenses urged by Moore.
*254 The exception oí no cause and no right of action is not urged in this Court. From our examination of the record it appears to be without merit as we are of the opinion that plaintiff’s petition did state a cause of action. The character of the action is one in quantum minoris and stems from Articles 2529, 2541, 2542, 2543 and 2544 of the LSA-Civil Code. These articles provide:
“A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.
***** * “Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as. merely to diminish the value, the buyer may limit his demand to the reduction of the price.
»(. * ■ * * * :|!
“The buyer may also content himself with resorting to this action, when the quality, which the thing sold has been declared to possess and which it is found to want, is not of such importance as' to induce him to demand a redhibition.
****** “The purchaser who has contented himself with demanding a reduction of the price, can not afterwards maintain the redhibitory action. But in - a red-hibitory' suit, the judge may decree merely a reduction of the price.
* * * * * * “The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action.”
In Kardis v. Barrere, 1931, 17 La.App. 433, 438, 136 So. 135, 138, 139, the Court had this to say:
“Although article 2520 seems to be restricted, the right of redhibition or rescission, however, is apparently extended 'by article 2529 to all cases where there is a breach of an express warranty where the misrepresentation is made in good faith. Article 2529 provides : ‘A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.’
“It is clear that under this article quoted above a redhibition is allowed where there has been an innocent misrepresentation as to the quality or character of the thing, even though there is not ‘vice or defect’ within the meaning and intent of article 2520. In our opinion, article 2529 clearly extends the class and character of cases in which redhibition or rescission is permitted, and the word ‘quality’ used in the article must be given a reasonable and liberal interpretation, and, if so construed, refers to misrepresentations in relation to the character, make', nature, characteristic, manufacture, and trade-mark and trade-name of things. In the present case, if the word ‘quality’ is given a liberal and reasonable construction, there was, in fact, a misrepresentation of the quality and character of the thing sold which would justify redhibition.”
See also Cockrell v. Capital City Auto Company, Inc., 1925, 3 La.App. 385; Violette v. Capital City Auto Company, Inc., 1926, 4 La.App. 465; and Barnidge v. Cappel Motor Company; 1930, 12 La.App. 216, 125 So. 778.
In the action of quantum minoris it is incumbent upon the complainant to prove, first, the defect or fact of misrepresentation, and secondly, the loss in value. The judge a quo, in written reasons for his opinion, held that plaintiff failed to substantiate his allegation that the car was a 1949 model instead of a 1950 model, saying:
“The only evidence as tio the actual year model of the car is the rankest sort of hearsay.- Plaintiff, whose home is in Vermont, says he went to a Packard dealer in Vermont and talked to him about trading the car in on a 1951 model, and that the dealer looked at the *255 serial number and told him it was a 1949 model.
“Mr. Tom McClelland owns the Packard-Shreveport Company, which company sold the car to Yarbrough on September 6, 1949. Neither the invoice to the company, nor the one to Yar-brough specifies the year model, and his testimony is that the only actual difference in the 1949 and 1950 models is the serial number, and that if a 1949 and 1950 model were in comparable condition, the difference in price would be $200.00.- He was not asked whether the Yarbrough car is a 1949 or a 1950 model.”
Article 2530 of the LSA-Civil Code imposes upon the buyer the obligation of proving the existence of the vice of which he complains. We have carefully examined the record and find that the judge a quo correctly analyzed the evidence as to proof, of the model of the automobile, and, therefore, we concur in his opinion that plaintiff has failed to establish his case. Inasmuch as the evidence is favorable to appellee, as above set forth, we see no necessity of inquiring into the other defenses urged by him.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
McINNIS, J., is recused.