115 So.2d 641 (1959)
Johnnie COMBS, Plaintiff-Appellee,
v.
INTERNATIONAL HARVESTER COMPANY, Defendant-Appellant.
No. 9057.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1959.
Rehearing Denied November 25, 1959.
*642 Donald C. Dickson, Shreveport, for appellant.
G. A. O'Steen, S. V. Prunty, Jr., Shreveport, for appellee.
GLADNEY, Judge.
The plaintiff herein on or about July 15, 1958, purchased from the defendant a used truck for $200, and on October 9, 1958, instituted this suit to have the sale rescinded for redhibitory defects and vices. After trial, judgment was rendered in favor of plaintiff, a decree from which the defendant has appealed.
Before this court counsel for appellant argues three points, which are: first, that the sale was without warranty; second, that the vendee used the truck for a different purpose than was represented to the vendor prior to the sale; and third, that no formal tender or return of the truck was made. The two last enumerated defenses were unsubstantiated by sufficient evidence and require no further mention.
Redhibition is the avoidance of a sale where some vice or defect in the thing sold renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. It is implied in all contracts unless it is clear the parties intended to confect a sale, irrespective of vices or defects. LSA-C.C. Arts. 2520, 2529; Crawford v. Abbott Automobile Company, 1924, 157 La. 59, 101 So. 871; Savoie v. Snell, 1948, 213 La. 823, 35 So.2d 745. In Roby Motors Company, Inc. v. Harrison, 1932, 19 La.App. 659, 139 So. 686, 688, this court, speaking through Judge Taliaferro, made a comment which we quote as it appears apropos at this moment:
"It goes without saying that when a person purchases an automobile he primarily wants a vehicle that will meet his needs for it. A car that will not run, or one which runs intermittently, requiring the attention of a mechanic frequently to keep it going, is an abomination to the owner. In the present case the use of the car was so `inconvenient and imperfect' that it could not be supposed that defendant would have purchased it, had he known of its defects or vices."
Our jurisprudence holds that a vendee must timely bring an action for rescission and a court will deny relief where he has continued to make use of the article purchased under circumstances and conduct held to constitute a waiver of his right to have the sale avoided. Furthermore, one wishing to rescind a sale on the grounds of redhibition must tender the property to the seller within a reasonable time after discovery of the vices, or he loses the right of rescission. Barnidge v. Cappel Motor Company, 1930, 12 La.App. 216, 125 So. 778; C. T. Street, Inc. v. Breland, La.App.1956, 88 So.2d 56.
It is our appreciation of the evidence that defendant's salesman represented the truck to be in fair condition, which it was not, as evidenced not only by frequent breakdowns, but also by the accumulation of major repair bills on the truck totaling a sum equal to its purchase price. When suit was filed, the truck was in the possession of the vendee, who has asserted herein a reconventional demand for repair work and recognition of a statutory lien upon the vehicle. Thus, within a short period of time plaintiff learned to his sorrow the battery of the truck was dead, its brakes were entirely worn out, and it was necessary, inter alia, to overhaul the starter, grind the valves and replace a connecting rod and broken piston. We are convinced the vehicle was so imperfect and useless *643 plaintiff would not have purchased it at any price had he known of its condition.
A frequently applied rule of this court is that findings of fact reached by the trial judge should not be reversed unless his conclusions are manifestly erroneous, and when such error is manifest, it should be easy to point it out. McMahon v. Manufacturers Casualty Insurance Company, 1955, 227 La. 777, 80 So.2d 405; Sunseri v. Westbank Motors, Inc., 1955, 228 La. 370, 82 So.2d 43. This, appellant has failed to do.
The judgment is affirmed at appellant's cost.