BARNETTE, Judge.
Plaintiff brought this redhibitory action in the Civil District Court for the Parish of -Orleans on October 23, 1963, seeking to rescind the sale of a Porche automobile which he purchased from defendant for $600. Plaintiff also sought damages for • expenses incurred in storing the automobile .after the defendant refused the plaintiff’s ■request to rescind the sale. After a trial on the merits, judgment was entered in favor of the defendant, and plaintiff has -perfected his appeal.
The facts, which are largely undisputed, ireveal the following particulars in regard to .the transaction: Defendant Greff, proprietor of an independent foreign car service center, had in his possession the Porche automobile in question which he was storing and maintaining for the owner, Dr. Frank W. Hull, who had moved to Phoenix, Arizona. Plaintiff, one of Greff’s service customers, saw the car at Greff’s place of business, and Greff offered to sell it to him. Ganucheau, the purchaser, looked the car over, drove it at least once, and the parties agreed on a price of $600.
There is some dispute as to what transpired in negotiating the sale in regard to the title. Nevertheless, a bill of sale was executed on July 25, 1963, and the owner later forwarded the title to Greff, endorsed in blank, so that Greff could transfer it to Ganucheau.
There is no doubt that, at the time of the sale, both parties believed the automobile being sold was a 1956 model. Greff, the seller, so represented it to Ganucheau in good faith, evidently relying on misinformation supplied him by Dr. Hull, the owner. The bill of sale also described the car as a 1956 model.
The evidence indicates further that the only way to have determined the model year of the car would have been to examine the manufacturer’s label which was at least partially concealed between the gas tank and the body wall under the hood, or to check the motor number against a master list available at the authorized Porche dealer in the area. The model year could not be determined by merely looking at the general body design.
Approximately one month after the sale, Ganucheau took the vehicle to Durham Motors, Inc., the authorized dealer, for some service. He was informed by the personnel there that the two new parts which he needed, parts of the door lock and the window crank, were not available because the car was a 1953 model. Durham personnel also informed him that parts were much more difficult to obtain for a 1953 model than for a 1956 model.
*856 Plaintiff then returned to defendant’s place of business and asked for a rescission of the sale which defendant refused. Shortly thereafter, plaintiff placed the car in storage and filed this suit.
Plaintiff bases his claim on two articles of the Civil Code:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” LSA-C.C. art. 2520.
“A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.” LSA-C.C. art. 2529.
Plaintiff’s contentions in reliance on these two articles are:
(1) That the greater age of the car was a vice or defect which rendered its use so inconvenient that it must be supposed that he would not have purchased it had he known it was a 1953 model; and
(2) That the representation made by the defendant as to the age of the car was a declaration of a quality which it did not have and that its age was a principal motive for making the purchase.
In regard to plaintiff’s first contention, there is some dispute in the testimony as to what the actual age of the car was. The certificate of title shows the model year to be 1953. However, plaintiff’s expert, Dougherty, an employee of the authorized Porche dealer, testified that the body was manufactured in 1952 and the motor was manufactured in 1954. Since the label in the car indicates that the motor was installed by the factory, we conclude that, for the purpose of determining age, the proper model year designation should be 1954. Dougherty testified that the model year should be determined strictly by the date of manufacture of the chassis which he placed in regard to the car in question as being in the fall of 1952. Hence, he concludes it was a 1953 model. However, it seems apparent that the car left the manufacturer’s plant no earlier than 1954 as a new car with a recently manufactured motor. Thus at the time of the sale to plaintiff, the car was nine years old rather than seven years old as indicated by the bill of sale.
If it be conceded that the greater age of the automobile was a vice or defect, it does not necessarily follow that Article 2520 entitled plaintiff to a rescission of the sale. The defect must be of such magnitude as to render the automobile “absolutely useless” or to make it “so inconvenient and imperfect” that it must be supposed that plaintiff would not have purchased it had he known the true age. Plaintiff does not contend that the car was useless. He drove it for about a month after the sale and has made no complaint about its general mechanical condition.
Plaintiff does contend, and testified at trial, that he would not have purchased the car had he known its true age. But in explaining his statement he said:
“Because of its age, the car would have been eleven years old on the day I bought it and had it been six or seven years old, I would have purchased it, because I would have had a reasonable expectation of improving the car, which I had planned to do.”
As we pointed out above, the difference between the actual age and the assumed age was two years. This, when considered in a seven-year-old car, has far less bearing upon its value or usefulness than if it were a late model car. Moreover, any intention that plaintiff might have had to improve the car would depend more on its actual condition than on its age. It is quite conceiva *857 ble that thif; particular car was more susceptible of improvement than a particular 1956 model. The likelihood of improving it was to be determined by examining the car, which plaintiff did.
Moreover, we note from the testimony of plaintiff’s expert, Dougherty, that changes in Porche (German) automobiles did not occur on a twelve-month cycle as did changes in American cars manufactured during the years in question. He testified that the engine was manufactured in 1954 and placed in a chassis manufactured in 1952. His testimony further indicates that this type engine was manufactured virtually unchanged until sometime in the middle of 1955. We conclude from this that an engine of this type might well have been put in a chassis manufactured in 1955, perhaps even late enough in 1955 for the car to be considered a 1956 model.[1]
The cases cited by plaintiff in his brief in support of his contention that a difference in age is a sufficient defect to justify a rescission all contain other facts on which reliance was also placed by the courts in the decisions rendered. Sunseri v. Westbank Motors, Inc., 228 La. 370, 82 So.2d 43 (1955), involved a truck which was described in the bill of sale as new but which in fact was used and functioned so poorly that the purchaser was forced to abandon it and rent another truck. Cockrell v. Capital City Auto Co., 3 La.App. 385 (Orleans 1925), was an action to rescind the sale of an automobile which was represented to be a 1919 model but which was in actuality a 1918 model. Plaintiff there established that the difference in the model year made the car worth $150 less than the $600 he had paid for it.
Ganucheau has not established in the instant case any malfunction of the magnitude found in the Sunseri case. On the contrary, he drove the car for about a month after purchasing it, and the only complaint which he raised about its general condition related to the door and window parts mentioned above. In considering the Cockrell case, we point out that there has been no evidence adduced to show that the value of the car was substantially affected by the fact that the car was assembled in 1954 rather than in 1956.
We conclude that the greater age, taken by itself, was not such a serious vice that it must be supposed that plaintiff would not have made the purchase had he known of it.
There is an additional contention on behalf of plaintiff which must be considered before a final answer can be given to the question of the degree of inconvenience caused by the vice of increased age. Plaintiff sought to establish that parts for the car purchased are so much more difficult to obtain than parts for the 1956 model that the resulting inconvenience would have caused him not to make the purchase. There is a great deal of testimony, and a dispute between the parties, as to the relative difficulty in obtaining parts for the car. The tenor of the testimony of plaintiff’s expert, Dougherty, was that parts for the body and motor of this particular car were not readily available because basic changes had been made in the design of both since they were manufactured. Defendant Greff testified that as a mechanic specializing in Porche automobiles he had been able to keep the car in good running condition and was able to obtain parts which either fitted or could be adapted to fit it.
Surely plaintiff could not expect to find a complete stock of parts for a seven-year-old foreign sports car at an ordinary repair shop. We attach considerable weight to the testimony of the employee of the authorized Porche dealer that parts were more difficult to obtain for this particular model, but we also note that the same employee testified that his place of business was able *858 to improvise and keep similar models running. Moreover, the defendant testified there were several independent supply concerns from which parts for this particular car could be ordered.
Taken for what it reasonably shows, the evidence indicates that plaintiff might have had to wait for some particular repair until necessary parts could be obtained. Such a vice does not meet the requirements for a redhibitory action as provided in Article 2520 or the jurisprudence thereunder. The cases cited in plaintiff’s brief[2] show that where rescission has been granted there has been serious malfunction of the vehicle, or a substantial diminution in its value resulting from the fact that it was used rather than new, or a combination of both.
Even if plaintiff had established that he would not have purchased the car had he known its true age (which we do not think he has done), the specific wording of Article 2520 places on him the burden of showing that the vice was so great "that it must he supposed’1 that he would not have made the purchase (emphasis added). Proof of his own subjective intent is not enough. Plaintiff would have to prove that the vice was so great as to lead to the unavoidable conclusion that, had he known, he would not have purchased. Certainly he has not discharged the full burden of Article 2520.
We now turn to plaintiff’s second contention—that is, that the representation made by the seller as to the age of the car gives rise to a redhibition under Article 2529. At the outset, we recognize that our jurisprudence has interpreted this Article of the Civil Code as an extention of the class of cases in which redhibition or rescission is permitted. Kardis v. Barrere, 17 La.App. 433, 136 So. 135 (1931). Kardis establishes that the lack of a quality represented to be present does not have to meet the stringent test of a vice or defect under" Article 2520. We think that the representation as to age made by defendant Greff,, both orally and in the bill of sale, was a. declaration of a quality within the rationale-of Kardis.
However, plaintiff needs to establish more to recover. He must establish that the quality represented was the “principal motive” for making the purchase. We are not convinced that he has done so. Plaintiff saw the car himself, drove it, and examined it. He did not go to the defendant and ask for a 1956 Porche; rather, he was offered an opportunity to purchase this-particular car which he accepted after examining and driving it and negotiating what he considered a fair price for it. We are aware that plaintiff testified very explicitly that the fact that the car was represented to be a 1956 model was a “principal motive” in his purchase. But we are convinced that plaintiff was not aware of any basic difference between a 1956 Porche and the car he bought. He has offered no evidence to show that his “principal motive” was other than to own the car which was before him and for which he bargained.
In the Kardis case the Court did grant a rescission of the sale of two refrigerator boxes but only after finding specifically that the defendant had intended to purchase only Frigidaire boxes as the plaintiff had represented the ones sold to be. We do not find that plaintiff intended to purchase only a 1956 Porche.
For the reasons discussed above, we conclude that the judgment of the district court dismissing plaintiff’s suit was correct and that plaintiff has not established a right to have the contract rescinded under any of the codal articles pertaining to redhibition.
We have also considered whether or not plaintiff might recover under codal articles pertaining to error of fact. The evidence *859 shows that the parties contracted for the •sale under a mutual mistake as to the age of the car. However, reading together Civil Code Articles 1823, 1842, 1844, and 1845, we conclude that for the error to invalidate the contract it must be in regard to the quality which gives the car its greatest value or which was the “principal motive” in making the contract. There is no allegation or evidence to show that the fact that the car was assumed to be a 1956 model gave it its greatest value, and we have set out above our conclusion that its assumed age was not the principal motive for making the purchase.
For the reasons discussed, the judgment of the district court in favor of the defendant dismissing plaintiff’s suit at his own cost is affirmed. Costs of this appeal are to be borne by appellant.
Affirmed.

. Dougherty placed the date of the change of engine design as approximately mid-1055. He had previously indicated that a chassis manufactured in the fall of 1952 should be considered a 1953 model.

. Sunseri v. Westbank Motors, Inc., supra; Aiken v. Moran Motor Co., 165 So.2d 662 (La.App.1st Cir. 1964); Davis v. Bryan Chevrolet Ine., 148 So.2d 800 (La.App. 4th Cir. 1962) ; Cockrell v. Capital City Auto Co., supra.