266 So.2d 531 (1972)
Iram "Mack" FUSILIER, Plaintiff and Appellee,
v.
Lindsey ARDOIN, Defendant and Appellant.
No. 3944.
Court of Appeal of Louisiana, Third Circuit.
September 19, 1972.
*532 Tate & Tate by Paul C. Tate, Mamou, for defendant-appellant.
Frugé & Foret by J. Burton Foret, Ville Platte, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit to rescind the sale of a colt and for the vendee's expense of its maintenance and training. The district judge overruled defendant's exception of prescription of two months, applicable to the redhibition of animals, and rendered judgment on the merits for the plaintiff. Defendant appealed.

THE EXCEPTION OF PRESCRIPTION
The first issue is whether the action is redhibition, in which event the exception of prescription of two months must be sustained, LSA-C.C. Article 2535. Plaintiff contends the action is for breach of contract, i. e., the failure of the vendor to obtain and deliver to plaintiff registration papers on the colt, and that the prescription is ten years, under LSA-C.C. Article 3544.
The essential facts on prescription are that on July 15, 1969 the defendant, Lindsey Ardoin, sold a colt to the plaintiff, Iram Fusilier. The act of sale contains the following description of the colt and the obligation of the vendor to obtain registration *533 papers and deliver them to the vendee:
"A certain male pony (colt) bald face, 3 months old, was born on April 1, 1969, and all necessary papers to be registered as a running quarter horse. Being the Colt of Miss Lucky.
"It is understood that the registered papers are not in as yet and the vendor guarantee the title and the registration paper and as soon, in the near future, as he receives said papers.
"This pony will be delivered unto the purchasers, by the vendor, at the age of 6 months, and the vendor obligates himself to house and upkeep said pony in a safe and good condition at all times until delivery is made."
The contract provides a price of $1,000, of which $100 was paid at the time of the sale. The balance of $900 was to be paid "when the registration papers are presented in proper order."
It was stipulated by the parties that at the time of the sale the defendant in good faith believed that the colt could be registered with the American Quarter Horse Association. Nevertheless, when the colt was inspected by representatives of the Association; in about October of 1970, registration was refused because of a white spot on its left side. Consequently, the horse has never been registered.
The evidence is not conclusive as to the exact date on which plaintiff learned that the horse could not be registered, but it was some time between October 20, 1970 and January 4, 1971. Attempts to settle the matter failed, and on January 4, 1971 plaintiff's attorney made written demand on defendant to deliver the registration papers within five days. Of course, defendant did not deliver the papers. This suit was filed on July 13, 1971.
Relevant to defendant's contention that the action is solely one in redhibition, and is prescribed, are the following articles of our Civil Code:
"Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
"Art. 2529. A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase."
"Art. 2535. The redhibition of animals can only be sued for within two months immediately following the sale."
Although Article 2535 provides that redhibition of animals can only be sued for within two months following the date of the sale, jurisprudence has established the rule that the prescriptive period for redhibition does not commence until the purchaser discovers the defect, American Insurance Company v. Hartford Accident & Indemnity Company, 198 So.2d 757 (La.App. 1st Cir. 1966) and the cases cited therein. In either event, if this is a redhibitory action, it is prescribed.
Under LSA-C.C. Article 2520, quoted above, redhibition is the action to avoid a sale for a vice or defect in the thing sold. Argument can be made that in the present case there was no vice or defect in the colt itself. As the evidence discussed hereinafter will show, this was a good colt. The only reason the buyer seeks to avoid the sale is that the seller has not delivered the registration papers.
This brings us to LSA-C.C. Article 2529, quoted above, which provides that a declaration, made in good faith by the seller, that the thing sold had some "quality" which it is found not to have, is grounds for redhibition, provided this quality was the principal motive for making the purchase. Both the courts and the commentators are of the opinion that Article 2529, which has no source in the French Civil *534 Code and was not added to our own code until 1825, was intended to widen the scope of the redhibitory action. Article 2529 includes the case where the object sold lacks a certain quality which the vendor in good faith declared it to possess, even though the lack of such quality does not constitute a vice or defect under Article 2520. See Kardis v. Barrere, 17 La.App. 433, 136 So. 135 (Orl.App.1931certiorari denied); King v. Moore, 61 So.2d 253 (La.App. 2d Cir. 1952); Ganucheau v. Greff, 181 So.2d 854 (La.App. 4th Cir. 1966); and the general discussions in 23 T.L.R. 83 and 42 T.L.R. 374.
In the present case, plaintiff's principal motive for buying this colt was to enter it in races for registered horses. Defendant in good faith declared that the colt had the requirements for registration. Later it was found it did not have this quality. It would appear that Article 2529 is applicable and that plaintiff could have brought a timely action in redhibition. But our inquiry does not end here.
The comment, "Seller's Express Warranty Giving Rise to a Redhibitory Action Article 2529 of the Louisiana Civil Code", 42 T.L.R. 374, calls attention to a line of jurisprudence in Louisiana which holds that where a good faith seller breaches an express warranty of quality, the buyer's exclusive remedy is redhibition, and he cannot bring an action for breach of contract, George v. Shreveport Cotton Oil Company, 114 La. 498, 38 So. 432 (1905); Walton v. Katz & Besthoff, Inc., 77 So.2d 563 (Orl.La.App. 1955certiorari denied) and the cases cited therein. The author of the comment criticizes this jurisprudence, in that it establishes a short prescriptive period of one year (two months in the case of animals) even in cases where there has been an express warranty of quality.
We find the present case is distinguished from those restricting the buyer's remedy to redhibition. Here, the seller not only gave an express warranty of quality, that the colt could be registered. He went further and assumed personally the obligation of registering the colt and delivering the papers to the buyer.
If the defendant had simply declared that the colt had the qualifications for registration, leaving it to the buyer to register the colt if he so desired, it would be very difficult for us to avoid the effect of the above cited jurisprudence that this is exclusively an action in redhibition and prescribed in two months. However, the defendant not only declared that the colt had the qualities for registration. Additionally, he agreed to register the colt and deliver the papers to the plaintiff. We conclude this was a distinct and separate obligation of the seller under the contract. The facts clearly show that after written demand, defendant failed to perform this obligation. Therefore, plaintiff's action can stand as one for breach of contract, which prescribed in ten years under LSA-C.C. Art. 3544. The exception of prescription must be overruled.

WAIVER OF THE BUYER'S RIGHT TO REDHIBITION
Defendant argues next that plaintiff waived his right to redhibition by continuing to use the colt after he learned that it could not be registered. The evidence shows that after plaintiff learned, in about October of 1970, that registration papers would not be forthcoming, he continued to train the colt and entered him in the Carencro Futurity for unregistered horses in December of 1970. The horse placed second and won $1250.
Having already reached the conclusion that plaintiff has a cause of action for breach of contract, it is unnecessary for us to decide whether he waived any right which he had to redhibition.

THE MERITS OF THE ACTION OF BREACH OF CONTRACT
For the reasons stated above under the discussion of the exception of prescription, there is no question that defendant *535 breached his obligation under the contract to register the colt and deliver the papers to plaintiff. Plaintiff is entitled to avoid the contract and recover damages, LSA-C.C. Article 1930.
The applicable measure of damages is set forth in LSA-C.C. Article 1934 as follows:
"Art. 1934. Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
"1. When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract."
When plaintiff received delivery of the colt in October of 1969, it was the contemplation of both parties that it would be cared for and trained as a registered race horse. He placed the horse with three different trainers and incurred expenses for feeding, veterinary services and training in the sum of $2200. The district judge correctly allowed in diminution of these damages the net sum of $1075, earned by the horse when it placed second in the Carencro Futurity, leaving $1125 net damages. To this must be added the $600 paid by plaintiff on the purchase price, making a total of $1725.
Defendant contends no expenses for maintenance or training should be allowed after plaintiff discovered in about October of 1970 that the colt could not be registered. He cites cases involving redhibition, such as Roby Motors v. Price, 173 So. 793 (La.App. 2d Cir. 1937). These have no application to the present case involving breach of contract.
In view of the large discretion of the district judge as to the assessment of damages under the rule applicable here, we find no manifest error. There is no question that plaintiff incurred substantially all of the claimed expenses of maintaining and training this colt in contemplation of receiving delivery of the registration papers. It is true he continued to train the horse after he learned it could not be registered, but one purpose of this was to race in the Carencro Futurity in December of 1970 or early January, 1971, and the net result of this was to diminish the damages.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.