STEWART<br>v.<br>CREDITORS.

---

## WILLIAMS, PHILLIPS & CO v. W. M. BENTON.

A witness, called to testify to the existence and contents of a deed, cannot be objected to on the ground that he obtained his information as attorney of the party against whom he is called to testify, if the deed had been intrusted to him after the relation of attorney to the party had ceased.

The fact that the party against whom evidence is offered of the contents of a deed is in possession of the instrument does not authorize secondary evidence to prove the contents of it, without first giving him an opportunity of producing the original.

APPEAL from the District Court of Carroll, *Farrar*, J.

*Snyder & Montgomery*, for plaintiff. *Short & Parham*, for defendant and appellant.

MERRICK, C. J. A case between these parties, on the same obligation, was before this court in 1845. A judgment of non-suit was then rendered against the plaintiffs, the court being of the opinion that the action was prematurely brought.

The present is a renewal of that action, and we refer to the case between these parties in 10 An. 158 for a statement of the facts. On the trial of the second case, in order to prove the existence in defendant's possession, and contents of the transfer from *Liles* and *Carrick*, the patentees of the land, *Louis Selby* was placed as a witness upon the stand by the plaintiffs. His testimony was objected to, on the ground that no notice had been given the defendant to produce the document, as required by Article 140 of the Code of Practice, and moreover, that the witness, having obtained his information as an attorney at law, could not be permitted to disclose the same.

From the imperfect manner in which the testimony of the witness was taken down, it is not certain but the instrument was again intrusted to the witness after his relation of attorney to the parties had ceased. If so, the knowledge he then acquired is competent testimony. Greenleaf, § 244.

On the other point, we see no reason to except this case from the general rules of evidence. In order to recover, it was necessary to show that the title of *Liles* and *Carrick* had either been transferred or enured to the benefit of *Wilson*, or the title which he had conveyed the defendant.

The fact that the defendant himself was in possession of the proof did not justify the resort to secondary evidence, without giving him an opportunity of producing the original. The reason of the rule is, that possibly the instrument, when produced, will be less favorable to the plaintiff than the parol proof which they may obtain.

The secondary evidence of the witness ought to have been excluded, unless the plaintiffs had been unable to obtain the original, after having availed themselves of the means of procuring it prescribed by the Code of Practice.

As it is probable that the plaintiffs may be able to establish their demand on a new trial, we will award it.

We cannot forbear to remark that the record in this case, as is too often the case, is made out in a negligent and careless manner, which makes it difficult to examine. The rights of parties depend upon the care of the Clerk in taking down the testimony and in making up the transcript of appeal in a legible and orderly manner, and there is no obvious excuse for a record made out as this has been.

It is ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court for a new trial, there to be proceeded in according to law, and the views herein expressed; the plaintiffs to pay the costs of the appeal.