(63 South. 897.)

No. 19,774.

SHULTZ BELTING CO. v. W. K. HENDERSON IRON WORKS & SUPPLY CO.

(Dec. 15, 1913.   On the Merits, Jan. 5, 1914.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR (§ 162*)—GROUNDS FOR DISMISSAL—ACQUIESCENCE IN JUDGMENT—PAYMENT OF UNCONTESTED CLAIM.

Plaintiff had consented to deduct the item pleaded subsequently in reconvention. There was no contest about this sum.

Payment made of an uncontested amount does not have the effect of acquiescence in the judgment.

The testimony is that the claim would have been allowed, as plaintiff always made deduction of merchandise that was not what it was represented if the statement of the amount had been forwarded before the suit was brought.

If there was acquiescence, it will be considered in deciding the merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 179, 981, 982, 984–990; Dec. Dig. § 162.*]

On the Merits.

2. SALES (§ 179*)—ACTION FOR PRICE — DEFENSE.

In a suit by a manufacturer on an open account against a vendee of articles manufactured by the plaintiff, there will be judgment for the full amount of the balance due plaintiff as prayed for, where the only defense is that in some few instances the goods sold by plaintiff to defendant, and by the latter sold to its customers, had not been fully up to the grade represented by plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 456–468;  Dec. Dig. § 179.*]

Appeal from First Judicial District Court, Parish of Caddo;  E. W. Sutherlin, Judge.

Action by the Shultz Belting Company against W. K. Henderson Iron Works & Supply Company. From judgment for defendant, plaintiff appeals. Reversed and rendered.

Land & Crain, of Shreveport, for appellant.  Herndon & Herndon, of Shreveport, for appellee.

On Motion to Dismiss the Appeal.

BREAUX, C. J.  Defendant and appellee alleges that plaintiff and appellant acquiesced in the judgment by paying a money judgment amounting to $98.70 as shown.

On that ground defendant and appellee moves to dismiss the appeal.

[1] Plaintiff and appellant, in answer to the motion made to dismiss the appeal, averred that there is no dispute "as to the facts"; it admitted that it paid to defendant and appellee the amount awarded to it on the reconventional demand by the judgment appealed from, and that this payment was made after a devolutive appeal was taken from the judgment, and after the required bond for the appeal was given;  that the payment made to defendant by plaintiff was one item of the reconventional demand of defendant, said goods having been purchased from plaintiff by defendant;  that the answer of defendant states that this payment to third parties was made after the filing of the suit by plaintiff;  that all of these facts are either admitted, or to be found on record;  that the answer and admission are filed for the purpose of avoiding the necessity of remanding the case to the lower court for the taking of testimony.

The judgment from which a devolutive appeal was taken by plaintiff rejects plaintiff's demand entirely, and on the reconventional demand decrees that defendant have judgment against plaintiff for $93.70, being amount refunded by defendant for inferior goods, with legal interest from date of the judgment.

The letter of plaintiff's counsel to defendant's counsel inclosed a check for $93.70, covering judgment "of $93.70 rendered against our clients," "The Shultz Belting Company,"

"for refunds and interest," "from November 1, 1911; interest, $5.40." Concluding words of the letter, "Please acknowledge receipt and have this judgment canceled from the record."

In the evidence, we find the following by the secretary, Durie, of plaintiff's firm:

"Do you know anything of a refund at all, $93.70, on date November 2, 1911, for belting furnished which they had to replace?

"A. We have a letter from them showing a claim, I believe for some belting they had to replace on account of being defective."

The claim allowed was not on their credit account, because it came after suit had been filed, and too late to be credited.

It was, as we take it, a claim allowed from the first as a correct claim.

The plaintiff firm has adopted the policy as necessary in its special line of business of replacing defective machinery or giving proper credit.

It was a method of adjustment. As the claim was not contested, its payment affords no ground for dismissing the appeal. There was no real dispute in regard to this amount. We have arrived at the conclusion to let the question remain open, to be considered on the merits. We only decide that at this time and with the evidence before us we are not of the opinion that the appeal should be dismissed.

There is a note somewhat pertinent in Garland's C. P., p. 375; it relates to the appeal as relates to the reconventional demand, epitomizing the rules relating to appeals; the note states that the appealability of the reconventional demand is not affected by the unappealable nature of the main demand.

That being the case, it follows that the appealability of the main demand is not affected by the unappealable nature of the reconventional demand.

The cited decisions (those we have had time to consult) sustain the note.

While they are not directly in point, they are suggestive in certain cases of the possibility of confessing or recognizing the judgment as to the one, the reconventional demand, and not as to the other, the main demand.

The cited case of Jolley v. Vivian Oil Co., 131 La. 937, 60 South. 622, is not directly in point, nor was it as stated by counsel for plaintiff and appellant, "The attorney accepted the payment, but reserved the right of appeal." The attorney did not reserve the right of appeal contradictorily with defendant company. The decision cited held that the judgment was recognized because by payment appellant concluded himself from appealing to the end of setting aside and annulling the very lease, a large amount of the rent of which he had paid.

In the case under consideration, appellant paid the reconventional demand, covering an amount, the evidence shows, the plaintiff was from the first willing to pay, and in regard to which there was no real dispute. There is at least a doubt; it will be solved in favor of plaintiff and appellant.

The right of appeal is the rule, and will not be denied unless it is evident that the appellant has recognized as correct the judgment from which he has taken an appeal.

Motion overruled.

### On the Merits.

SOMMERVILLE, J. Plaintiff sues defendant upon an open account, and for the value of certain goods consigned to it. The consigned goods were returned to plaintiff, and consideration of them thus passes from the case.

Defendant answers that it has been conducting business with plaintiff during seven years, under a contract calling for certain grades of belting and other furnishings to be supplied by plaintiff, but that during the three last years of the contract the quality of belting was not what it was represented to be, but was of an inferior quality, and not

satisfactory to the trade of defendant; that plaintiff had been notified of its failure to ship the quality of goods contracted for, and that it, defendant, had been compelled to refund $93.70 for goods returned to it; but, as this amount has been reimbursed to defendant by plaintiff, further consideration of it passes from the case. Defendant reconvenes and claims that it has suffered losses to the extent of $5,000 because of the poor quality of the belting sold by plaintiff, and asks for damages accordingly. This claim has been abandoned.

There was judgment rejecting plaintiff's demand, and it has appealed.

[2] The account of plaintiff is supported by evidence, and there is no dispute as to the amount. Albert E. Steidtman, witness for plaintiff, testifies that the amount due by defendant is $4,440.10.

The account between plaintiff and defendant shows that plaintiff consigned and sold to defendant some $88,314.45 worth of goods, and that during the term of seven years some $5,216.65 of inferior belting was returned by defendant to plaintiff, for which defendant was allowed credit. Defendant, in its typewritten brief in the trial court, says that the amount of returned goods was $52,165; this is in error. This reclamation, or reduction, of $5,216.65 was in accordance with the written contract originally entered into between the parties.

Defendant alleges that it made complaints to the plaintiff about the character of the goods shipped; but the evidence shows that no complaint whatever was made until June, 1911, when defendant ceased to purchase goods from the plaintiff.

Defendant offered evidence going to show that the belting which it had bought from plaintiff and sold to third parties was not up to standard, and not suitable for the trade; but the evidence does not show that the complaints of the witnesses had been communicated to plaintiff, or that reclamations made by said witnesses upon defendant were not honored by the plaintiff on demand. Defendant continued to buy goods from plaintiff during the seven years, and to within only a few months of the time when this suit was filed by plaintiff, without communicating to plaintiff that it was not sending the goods which the defendant was ordering from it.

Defendant does not allege that plaintiff has failed or refused to repair or replace the belting that was not satisfactory in any instance, and it makes no claim for such in its reconventional demand.

Defendant, through its president as a witness, seeks to explain its failure to notify plaintiff of defective material sold, on the ground that "he hoped that the belting would improve in quality," and he says that he therefore continued to trade with plaintiff.

Defendant admits that at the time of suit it had some $3,900 of belting on hand which it had bought from plaintiff, and for which it had not paid; but it has introduced no evidence going to show that this material on hand is unfit for use; it simply asks the court to infer that such is the case because it has not sold same, and for the further reason that some few of its customers claimed that some other belting which it had sold them was defective. This is no defense to the demand of the plaintiff for the payment of the goods bought by the defendant. Should this stock on hand be shown by defendant to be other than that which it was represented to be, the defendant, perhaps, may demand of plaintiff to replace or repair same; but no such evidence is before the court, and that contingency cannot be settled in this suit.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there be judgment in favor of plaintiff and against defendant in the sum of $4,440.10, with costs of suit in both courts.