### No. 8748.
### Orleans Appeal.

---

**W. E. ROBINSON & Co., Appellant, v. LOUISIANA BOX CO.**

---

(December 15, 1924, Opinion and Decree.)
(January 5, 1925, Rehearing Refused.)
(Bell, J., dissents.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Sales, Par. 121.**
In a contract of sale of "box shooks" to be delivered "as ordered out", the vendee is obliged to give shipping instructions within a reasonable time.

2. **Louisiana Digest, Sales, Par. 120, 121, 122.**
The failure of the vendee to answer a letter of the vendor asking for shipping instructions and his silence for three

months is unreasonable and the vendee will be considered to have abandoned the contract.

(Civil Code, Art. 2555—Editor's Note.)

Appeal from the Twenty-eighth Judicial Court, Parish of Jefferson, Hon. P. E. Edrington, Judge.

This is a suit for damages ex contractu

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Merrick, Schwarz & Morris B. Redmond, attorneys for plaintiff and appellee.

Chas. J. Larkin, attorney for defendant and appellant.

WESTERFIELD, J. This suit is for damages caused by the alleged breach by the vendor, the defendant, of a contract of sale of 50,000 "Box Shooks".

The defense is

First: The contract sued on was never assented to by defendant and that consequently there was no contract between the parties.

Second: In the alternative, plaintiff delayed an unreasonable time in giving shipping instructions and consequently abandoned the contract.

The District Court awarded plaintiff a judgment in a sum much less than was claimed and both parties seek a revision of this judgment on appeal.

The defendant, a Louisiana corporation, is a manufacturer of wooden boxes, or "Box Shooks" as the cut and unassembled parts of boxes are called. The plaintiff is a dealer or broker in boxes of the sort manufactured by the defendant and located in Maryland.

Plaintiff entered into negotiations with the defendant for the purchase of a quantity of box shooks. The usual correspondence between prospective buyer and seller ensued and on March 2, 1918, this letter was sent by plaintiff to defendant:

"Gentlemen:

We have yours of the 25th, and enclose herewith contract for 50,000 No. 2 gum Box Shooks, at $10.10 per 100, net cash, 30 days, delivered Baltimore, Md., shipment as ordered out.

Please await shipping instructions."

The contract referred to in the letter read as follows:

"W. E. ROBINSON & CO.
Brokers and Dealers in
Canners' Supplies
Bel Air, Md., March 2, 1918.

Sold to W. E. Robinson & Co., Bel Air, Md., For account of Louisiana Box Co., Kenner, La.,

50,000 No. 2 Gum Box Shooks, at $10.10 per 100.

Terms, Net Cash, 30 days.
Delivered Baltimore, Md.
Shipment as ordered out.
Remarks:

APR/EH

Await shipping instructions.

This contract contingent upon strikes, fires, floods, droughts or other providential hindrances beyond the control of the manufacturer or producer of the above described merchandise with whom this contract is placed.

Accepted Buyer_____
No acceptance necessary.

Accepted Seller_____
W. E. ROBINSON & CO.,
Brokers.

U. S. Food Administration License No. G.03977.
No. A1095
"B" (Buyer's Copy)

In answer the defendant wrote plaintiff as follows under date of March 7, 1918:

"Gentlemen:

We acknowledge receipt of your esteemed order for fifty thousand (50,000) No. 2 gum box shooks, for which please accept our thanks. The shipment of same will have our prompt attention as soon as we receive the necessary instructions from you."

The defendant contends that because of the fact that the form of contract enclosed

contained the phrase "no acceptance necessary" and no acceptance was in fact made by defendant on the face of the formal contract, that defendant cannot be said to have consented to plaintiff's proposal and no contract can be said to have resulted. But it was not necessary for defendant to have signed the form enclosed by plaintiff in the letter of March 2nd, for its acceptance is sufficiently manifest by its reply of March 7th which must be considered as an assent to the terms of the contract enclosed, particularly, since defendant admits that the contract referred to as having been enclosed in plaintiff's letter of March 2nd was in fact received by it.

On March 14, 1918, defendant wrote plaintiff asking for shipping instructions. No answer was received by defendant to this letter and nothing was heard from the plaintiff until some three months later (June 6th) when demand was made that the shooks be shipped in accordance with shipping directions then given. The defendant replied that not having heard from plaintiff in answer to its letter of March 14th, it had cancelled the order.

It will be observed that the time of delivery mentioned in the contract was "as ordered out". This phrase has been held to mean that the buyer must give shipping instructions within a reasonable time. We find the following authorities in plaintiff's brief:

"The contention of defendant's counsel that the clause requiring shipments to be made according to shipping instructions to be given from time to time by the buyers renders the contract void for uncertainty, or enforceable only at the option of the buyer is not sound." Kinckley vs. Pittsburg Steel Co., 121 U. S. 264; Cold Blast Transportation Co. vs. Kansas City Boat Co., 114 Fed. 77; Deker vs. Hess, 138 Fed. 647; Boynton vs. Sweeney, 77 Wis. 55; Ault vs. Dustin, 100 Tenn. 366.

"The contract bound the buyers to give shipping instructions within a reasonable time, and required the seller, within a like reasonable time, to make shipments according to the instructions." Salmon vs. Helena Box Co., 147 Fed. (C. C. A.), 408.

But counsel says "there is no allegation in the answer that the delay in giving shipping instructions was an unreasonable one, and we submit, therefore, that such a defense, not having been availed of in the answer is no longer open to the defendant". It is a fact that this defense is not emphasized but we think the situation is saved in this respect by the following language appearing in the seventh and last paragraph of the answer "the plaintiff delayed sending said instructions until June 6, 1918, almost three months after the agreement of sale had been completed and said delay breached the terms of said agreement of sale."

Was a delay of three months in giving shipping instructions unreasonable under the circumstances of this case is the final question for our consideration.

"Where the goods are to be delivered when the buyer gives notice of his readiness to receive them, or gives shipping directions, the buyer is bound to act within a reasonable time and his failure to do so will exonerate the seller from the necessity of doing that, e. g., shipping the goods, which was to be done when the buyer had so acted." Mechem on Sales, Vol. 2, p. 974.

"What is a reasonable time in these cases is usually a question of fact to be determined by the jury in view of all the circumstances of the case; but where the facts are not in dispute, or the matter can be ascertained from the language of the contract, it may be determined by the court as a matter of law." Supra, p. 974a.

Defendant's letter of March 14th requesting shipping instructions was an offer to perform its part of the agreement upon being advised as to how and where delivery could be made. No explanation whatever is made of plaintiff's failure to answer that letter. It certainly required an answer from consideration of business courtesy at least. A silence of three months during which the shooks are proven to have ad-

vanced in price, a fact which plaintiff suggests as influencing defendant's conduct, might as well be said to have influenced defendant to break the long silence, is unreasonable. We think defendant, under the circumstances, was justified in concluding that plaintiff had abandoned the contract.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant and against plaintiff dismissing plaintiff's suit at his cost.