No. 9910.
Orleans Appeal.

EDWARD C. HOOPER v. DRY HAND MOP CO., INC.

(February 16, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 218, 229, 230.**
Where a purchaser of mechanical tools, dies and other materials verbally contracted for, uses them in his business for nearly a year, making part payments on the purchase price thereof, he cannot, when sued for the balance due, repudiate the contract by pleading defects or improper construction.

2. **Louisiana Digest—Sales—Par. 229, 230.**
Failing to reject or return the materials within reasonable time, he must be held to have accepted them.

Appeal from the First City Court for the City of New Orleans, Section "C", Hon. Henry Renshaw, Judge.

This is a suit to recover the balance of the purchase price of dies and other mechanical parts.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. Walter Cockfield, attorney for plaintiff and appellee.

Hiddleston Kenner, attorney for defendant and appellant.

BELL, J. Plaintiff, a tool and die maker, sues defendant, a manufacturer of hand mops, for a balance due on the price of material and labor in furnishing and manufacturing, under verbal contract, certain dies and other mechanical parts used by defendant in its business. The total itemized bill, made part of the petition, is for $527.21, against which four partial payments, aggregating $269.50, have been made, thus leaving a balance of $257.71, which is the amount now sued upon. The defenses, as set forth in answer and supplemental an-

swer, are lengthy, contradictory and inconsistent. Admitting that part of the items listed in plaintiff's bill were ordered and delivered, but denying liability for other items, it is averred that the prices for those ordered were excessive; that materials were not up to contract and did not serve the purpose for which they were intended; that other items, if ordered, were not made in accordance with samples furnished; that other items furnished were part of the main order and should be included therein, and that partial payments made were not for account of the purchase price but only advances made to plaintiff to assist him in meeting his payrolls. It is finally pleaded that all payments due have been made except a small balance of $6.50, which balance, it is alleged, has been tendered and refused.

There was judgment for plaintiff and defendant has appealed.

We find that in the fall of 1923, defendant's manager, who was also secretary-treasurer of the corporation, employed plaintiff to manufacture a set of dies for making tin tubes, sixteen inches long, to be clamped on wooden mop handles, all in accordance with a sample furnished by defendant company. The total estimated price submitted by plaintiff for the dies was at first $267.00. The ultimate charge for this item, as appears on the account, was $349.21, or $82.21 more than the original price agreed upon. The difference is reasonably accounted for. The manager of the defendant corporation admits, as does its president, that they found, after first agreeing upon the original price, it would be necessary to use a longer tin tube, measuring in length eighteen inches instead of sixteen inches, as first ordered, and that they, therefore, directed plaintiff to change the die accordingly. There is nothing in the record to show that the additional charge was excessive or unreasonable. No agreement seems to have been made as to just what should be the additional charge for the change in the die. No expert evidence has been offered to refute plaintiff's testimony that the price was reasonable or that it was not at "actual cost", as stated in plaintiff's letter of January 19, 1924. The other substantial item on the account, amounts to $140.00, for "making bolster and drawing punch for drawing die with stripper and attachments for turning edge of shells". This work was done at special request for the purpose of making particular ferrules, sample of which was furnished by the defendant. The price for this die was not specially agreed upon and the charge therefor is not shown to have been even disputed. The complaint in this instance is that the ferrules made from this die were defective and that the bolster or drawing punch failed to do the work after repeated trials. We find that plaintiff never guaranteed at any time that the ferrules produced from this die would serve the purpose for which the ferrules were to be used. The die furnished seemed to have produced just such a ferrule as the sample called for. The efficacy of the ferrule or its adaptability to that use for which it was intended, does not seem to have been any part of plaintiff's guarantee. But be that as it may, the fact is definitely established by the admission of both witnesses for defendant, that is, the president and the manager, that the die was never rejected nor any offer made to return it to plaintiff. The die is shown to have remained in defendant's possession and use for over ten months before the date of the institution of this suit. It is too late to plead defects. The law presumes the acceptance of even that which is defective if use and retention for more than a reasonable time is shown, especially where there has been no tender or putting in default.

(See Champion Shoe Machine Co. vs. Antonio Calmone, 8795 Orl. App.; Thompson Machinery Co. vs. William Haley, 8833 Orl. App.; Robinson & Co. vs. Louisiana Box Company, 8748 Orl. App.)

The case at bar is particularly against defendant for the reason, as already noted, that at least four payments on account were made, the last one as late as January 11, 1924, after all materials furnished had been delivered and used, and before plaintiff had furnished, at defendant's request, an itemized account of the labor and materials used in manufacturing the die. The charge of $19.00, for "one pair of steel heels for solido press", we find to be also reasonable. The necessity for these heels is shown by the evidence to have arisen, not through any defect in the original die used in making the tubes, but because the defendant's own press on which the die was used, was not wide enough to cover the die, thus causing the outside ends to spring out. Plaintiff's evidence that these heels were found necessary by defendant, whose president ordered them to be made, is not denied.

The two remaining items on the account, amounting to $19.00, appear to have been erroneously charged on the present account, and relate to work and material furnished on a previous account. Credit for the payment of these items has been given on the present account and obviates further discussion of this item.

We find no error in the judgment appealed from. It should be affirmed.

It is, therefore, ordered that the judgment appealed from be and the same is hereby affirmed, at defendant's costs in both courts.