No. 10,173
Orleans

---

MAX BARNETT FURNITURE COMPANY,
Appellant v. B. A. GUY

(November 30, 1925, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Sales—Par. 252, 256.
A purchaser of property who receives and uses it for a long time notwithstanding defects which render its use inconvenient can demand only reductions in the price as will enable him to pay for necessary repairs.

Appeal from the First City Court, Division "A", Hon. W. Alexander Bahns, Judge.
This is a suit for balance due upon two promissory notes. The defense was want of consideration. There was judgment for defendant and plaintiff appealed.
Judgment reversed.

Frank McLaughlin, of New Orleans, attorney for plaintiff, appellant.
J. C. McGee, of New Orleans, attorney for defendant, appelllee.

OPINION

CLAIBORNE, J. This is a suit for $130.93 balance due upon two promissory notes made by the defendant to the order of petitioner dated respectively October 4, 1921, and December 12, 1922, for the sum of $44.43 and $314.80 upon which $128.30 have been paid on account.

Defendant admitted having made the notes sued on but denied being indebted thereon for want of consideration.

Defendant further averred that said notes were given as part of the purchase price of a bedroom set of $750; that said set was guaranteed to be of solid American walnut; that the rocker, chair and bench of said set do not match the other pieces; that the plaintiff promised to match the same, but failed to do so; that the head board of the bed has split; that the drawers will not open or close and plaintiff has failed to repair them; that the price also included a living room suit for the price of $158; that the chair belonging to said suit is falling apart and the plaintiff has failed to repair it.

There was judgment in favor of defendant dismissing plaintiff's demand.

Plaintiff has appealed.

There is absolutely no testimony nor any documentary evidence that intimates that the defendant purchased said furniture believing it to be American walnut or any other kind of wood, or that plaintiff represented it to defendant to be American walnut or any other kind of wood. In his testimony when asked what was the nature of his complaints concerning the furniture, he testifies that in March, 1922, he bought a bed room set from plaintiff; he found it defective and exchanged it for a more valuable set which is part of the furniture in-

volved in this suit, and for which he paid an additional price represented by the notes in this suit, it is this second set of which he now complains. Being asked to mention the defects he says:

"The rocker to the $158 suite was defective. It has fallen apart and the bottom has fallen out.

"The dining room suite was also defective; the boards in the serving table had never closed. * * * In the parlor set all the bottoms are coming out. The spring in the duofold where it folds over has never been fastened, the drawers in the bed room suite stick and it is utterly impossible to open them, and they were to give a suite that matched. In the bed room suite the rocker, chair, and bench do not match. One of the rollers in the chair of the bed room suite does not fit. It is short and the chair rocks back and forward all the time." * * * he has been using the furniture since it was bought. * * *

Mrs. Guy testified:

"In the living room set one of the chairs is coming to pieces and the bottom is coming out and coming unglued in the back, and the duofold does not open; also I noticed the other chair to the suite, the straight chair in the living room suite is coming unglued. In the dining room set the table does not fit, and the boards are about one-half inch apart which makes it impossible to close the table."

They have been using the furniture since December, 1922.

These are the only two witnesses on behalf of the defendant.

Two letters of the defendant one dated February 14, 1923, and the other April 16, 1923, are addressed to the plaintiff.

The former calls attention to the parlor suite as being out of order, and the other reminds the plaintiffs, that the defendant has not yet seen anybody "to give us service on our furniture". Not a word said about any misrepresentation or deception concerning the material of the furniture.

On the other hand the plaintiffs produce Harry L. Moses an expert furniture manufacturer and decorative contractor for twenty years. He called at defendant's house and inspected the furniture. It was in "very good condition". There was some slight usual conditions of sticking drawers and minor defects which constantly appear * * * the bed headboard was not split, "it had just come unglued"; there was a cane chair with the seat out, it had become unglued and was loose; it could be easily repaired for $6 or $8 including the labor and material; the leaves of the table would not close tightly; this defect could be repaired for the same cost.

H. T. Quinan is salesman for plaintiffs; he sold "American Walnut Veneer".

Under the law and the evidence defendant can claim only such sum as would be sufficient to repair defects in the furniture. There is no evidence as to what that amount might be except the testimony of Harry L. Moses about $16. See also Champion Shoe Machine Co. vs. Culmoney, 1 La. App. 486; Thompson Machinery Co. vs. Haley, 1 La. App. 541; Hooper vs. Dry Hand Mop Co., 1 La. App. 622.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the defendant B. A. Guy be condemned to pay the plaintiff, the Max Barnett Furniture Company, Inc., the sum of One Hundred and fourteen 93/100 dollars with eight per cent per annum interest from November 17, 1924, together with ten per cent attorney's fees thereon and all costs of suit.