(131 So. 190)

HARKNESS et al. v. LEGGETT et al.
No. 29012.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

Mark C. Pickrel, of Lake Charles, and Williams & Blackshear, of Oakdale, for appellants.

H. V. Booth, of Shreveport, and Drew & Drew, of Minden, for appellees.

THOMPSON, J.

This is a suit to annul a sale of certain property described in the petition situated in the town of Minden and to have the plaintiffs decreed to be the owners of said property.

There was judgment as prayed for, and the defendants have appealed.

It appears that on August 23, 1924, the plaintiffs and defendants entered into a written contract to exchange certain properties owned by them respectively. The plaintiff's property in Minden for the purpose of the exchange was valued at $20,000, and the defendant's property was a plantation situated in Rapides parish and was valued at $41,000. This property was incumbered with a mortgage indebtedness of $21,000 which the plaintiffs were to assume.

In this contract the defendants agreed that in the event the plaintiffs were unable to negotiate a loan on the plantation property for the purpose of taking care of the mortgage indebtedness, then they would pay to the holder of said indebtedness a sufficient amount to protect plaintiffs from the loss of the property.

The titles to the respective properties were found satisfactory except as to the mortgage indebtedness on defendant's property, which indebtedness was then past due.

The plaintiffs executed a deed of their property to the defendants, and later, after several conferences, the defendants executed a deed to plaintiffs of the plantation property.

The mortgage debt was not paid and the creditors foreclosed on the property.

At this sale the defendants bought in the property for $11,000 and paid the mortgage debt by executing a new mortgage on the property.

The foundation of the action is an alleged agreement written and signed contemporaneously with the execution of the deed to the plantation property and which was executed at the last conference of the parties.

It is alleged that in the contract referred to the defendants agreed, and obligated themselves as an additional consideration for the exchange, that they would obtain a long-time loan on the plantation sufficient to liquidate the outstanding indebtedness against said property in the sum of $21,000. That by the terms of said contract the defendants were to protect and guarantee plaintiffs against any action that might be taken against them by the holders of the mortgage debt. And further that should the defendants fail to perform the obligations and guaranty, thereby causing plaintiffs to lose the plantation through foreclosure proceedings, then in that event, the sale from petitioners to said defendants would be considered null and void and without effect.

It is further alleged that the said written agreement was executed in duplicate, one being given to the plaintiffs and the other to the defendants. That plaintiffs lost or misplaced their duplicate which could not be found after diligent search.

The defendants specially deny that any such contract as alleged was ever made, either verbal or written. It is further denied that the defendants were to secure a loan to take care of the indebtedness, but that, on the contrary, the plaintiffs were to negotiate a loan immediately upon title conveyed to them, and that regardless of their contract so to do they waited a period of several months before making application for the loan.

The first question to be considered is the objection which it is claimed by the defendants in their brief was made to any verbal evidence of the contents of the alleged lost contract until notice and demand was made on defendants to produce the document alleged to be in defendants' possession.

Counsel cite in support of the objection article 140 of the Code of Practice, and also Abat v. Rion, 9 Mart. (O. S.) 465, 13 Am. Dec. 313; Erwin v. Porter, 6 Mart. (N. S.) 167, and Williams, Phillips & Co. v. Benton, 12 La. Ann. 91.

The article of the Code provides that at the request of one of the parties to the suit the court may decree that the other party bring into the court the documents, etc., which are in his possession and which are material in the cause.

The cases referred to hold that parol evidence cannot be given of the contents of an instrument in possession of a party to a case, before calling on him to produce it.

It is perfectly obvious that these authorities have no application to this case. They all refer to parol proof of the contents of a document which is in possession of the opposite party to the suit.

Here the defendants in their answer specially denied that any such document was ever executed or signed by them, which of course is an affirmative denial that any such document was or ever had been in their possession.

It would be doing a vain and useless thing to call on the defendants to produce a document which they disclaim having in their possession and which they specially deny ever had any existence in fact.

The law does not exact the doing of a vain and useless thing.

The pivotal question we are called upon to decide is whether the proof sustains the plaintiffs' contention. This, of course, is a question of fact and its proper solution depends on the weight of the testimony and the credibility of the witnesses.

We have examined the evidence and have no doubt but that such a contract was prepared and presented to the parties for execution.

The testimony of one of the defendants, Leggett, shows that such a document was prepared and read to the parties; that this contract provided that the defendants were to hold the plaintiffs harmless on any action of the holders of the debt, and it further provided that upon their failure to do this the title to the Minden property should ipso facto revert to Mr. Harkness. Of course, while admitting that such a document was prepared, the defendant Leggett denied that he signed it.

It would serve no useful purpose to refer to the testimony in detail containing some four hundred pages on the question of the signing of the document by the defendants.

Suffice it to say that our conclusion is that the evidence on the whole decidedly preponderates in favor of the plaintiffs. The district judge who had the witnesses before him was in a better position to determine the weight of the testimony than we are.

Counsel for defendants assert that such a contract as claimed by the plaintiffs is not only unreasonable but is preposterous.

In the light of the record we hardly think such statement justified.

The plantation as stated was incumbered with a debt of $21,000. This debt was admittedly past due, and the defendants knew that the plaintiffs could not at that time take up the debt unless a long time loan was secured on the property. The defendants also well knew that if such a loan was not made to take care of the past-due debt the contract of exchange would fail. They were exceedingly anxious to make the exchange, for Leggett says that Harkness at one time during the negotiations said that he believed he would withdraw from the whole thing, but said Leggett, "We were so anxious to get rid

of the place at that time we kept talking to him."

Without such a contract it would have been more unreasonable and preposterous for Harkness to have taken in exchange for his unincumbered property a plantation covered with such a large debt past due and which he knew that he could not save from foreclosure without a loan, and this loan he could not make without the assistance of the defendants.

The result would be, if the defendants' position is sustained, that they would have their plantation without any increase of the indebtedness existing on the property at the time of the exchange and would have the plaintiff's property as a clear profit. And the plaintiffs would gain nothing, but instead lose their property.

So we say that it would have been unreasonable for the plaintiffs to have made the exchange without having an obligation from the defendants to protect them against the very thing that did happen, the seizure and sale of the property for the mortgage debt past due at the time the exchange was made.

The judgment of the lower court is not only supported by the evidence, but is equitable and does justice between the litigants.

The judgment is therefore affirmed, at the costs of defendants.