FORT WAYNE ENGINEERING & MFG. CO. v. BAKER FUEL OIL BURNER CO.

———

(December 15, 1930. Opinion and Decree.)

———

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellant.

Louis R. Hoover, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit on an open account for the sum of $187.03, the alleged balance due plaintiff on the purchase price of 111 pumps which the defendant purchased from the plaintiff at various times between October 5, 1925, and February 23, 1927, at a total cost of approximately $1,800.

Defendant, in its answer, admits the sale and delivery of the pumps but denies liability on the ground that some of the pumps "were defective in parts," which rendered them useless or their use so imperfect that they could not be used for the purpose for which they had been bought.

On the trial of the case on its merits plaintiff offered the testimony of two witnesses, taken by deposition, making out a prima facie case, and rested. The defendant then sought to prove by its president and two employees that a number of the pumps locked because of their inability to pump heavy or gritty oil, which was used in their operation, causing the couplings to be severed from the force of the racing motor which also "froze." One of the alleged defective pumps was produced in open court and the alleged defects in

the mechanism were pointed out by the president of the defendant corporation.

The plaintiff in rebuttal then offered, produced and filed in evidence the testimony of two mechanical experts together with all the correspondence concerning the sale of the pumps. The testimony of these two experts shows that the pumps were not designed for the purpose of pumping gritty or heavy oil and that flexible couplings were recommended in the sales circular instead of solid couplings, in order to avoid the very difficulty which the defendant complained of. It further appears that before the defendant purchased any of the pumps during October, 1925, that a sample pump was sent to him by the plaintiff and that after testing it, in connection with an oil burning apparatus that the defendant was installing in residences and apartments for heating purposes, found it to be suitable and satisfactory.

The defendant, without complaining, paid from January 21, 1926, through February 17, 1927, all except $537.03. After the account was placed in the hands of plaintiff's attorneys for collection defendant paid the sum of $200 without any complaint as to the pumps. Defendant further paid the sum of $150 cash which was first offered as a full compromise and settlement of the balance due but which was refused by the plaintiff and credited on the account which left the balance of $187.03.

While the defendant contends that some 40 pumps of the lot were defective and unsuitable for the purpose for which they were installed, it did not produce any of its customers to corroborate this line of testimony. although it appears that these witnesses were living in the city of New Orleans and, therefore, available.

Where a purchaser of mechanical tools and other materials uses them in his business for nearly a year, making part payments on the purchase price thereof, he cannot, when sued for the balance due, repudiate the contract by pleading defects, or improper construction. Hooper v. Dry Hand Mop Co., Inc., 1 La. App. 621.

Under the circumstances of this case we find that plaintiff has successfully rebutted the evidence offered by the defendant tending to show that the pumps were defective and is, therefore, entitled to recover.

For the reasons assigned it is ordered that the judgment appealed from be annulled, avoided and reversed and that there now be judgment in favor of the plaintiff, Fort Wayne Engineering & Manufacturing Company, against the defendant, Baker Fuel Oil Burner Company, in the sum of $187.03 with legal interest from judicial demand until paid. Defendant to pay all costs.