## WILLIAM WHITMAN & CO., Inc., v. SOLOMON.*

### No. 14087.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1932.

Rehearing Denied Nov. 28, 1932.

Weiss, Yarrut & Stich, of New Orleans, for appellant.

Theodore H. McGiehan, of New Orleans, for appellee.

HIGGINS, J.

This is a suit on an open account to recover the sum of $451.41, representing the balance of the purchase price of certain merchandise sold and delivered by the plaintiff to the defendant on August 12, 1929. The defendant admits that he purchased the merchandise, amounting to $1,039.41, on account of which he paid the sum of $588, and that these goods were as represented, but denies that he owes a balance of $451.41, pleading compensation and set-off on the ground that on March 30, 1928, the plaintiff sold him certain French blue serge cloth designated by the number 124—733 at $1.37½ cents per yard, amounting to $263.48; that he had the said serge delivered in New York to a firm of spongers, who sponged and shrunk the material for his account; that when the material was delivered in New Orleans the defendant manufactured it into office coats; that the coats were sold to customers, who returned them because the serge was defective; that said material was of a poorer quality than the sample submitted to him; that the cost of manufacturing the coats was $187.93; and therefore he was entitled to deduct from the original invoice the sum of $451.41, the cost of the merchandise plus expenses of manufacturing it into coats.

The case was tried before a jury, resulting in a verdict in favor of the plaintiff for the sum of $187.93, and the plaintiff has appealed. Defendant has not answered the appeal.

The record shows that the plaintiff is engaged in business in New York City as exclusive sales agent of the Arlington Woolen Mills of Massachusetts. The defendant is a manufacturer of clothes in New Orleans. The defendant had ordered from the plaintiff serge cloth under the number 124 for several years, and on March 30, 1928, defendant ordered the serge cloth in question under that number. The defendant directed that the cloth be sent to his spongers in New York for the purpose of having the serge examined for defects in the weaving and also to have it shrunk preparatory to making it into garments. The spongers' examination

revealed that the cloth was not of the proper width, and a satisfactory allowance therefor was made by the plaintiff in favor of the defendant. The merchandise was then shipped to New Orleans, and the defendant manufactured it into office coats and sold it to certain customers, who later complained that the serge was not of the proper quality and returned the coats. The defendant did not offer to return the merchandise either in its original condition, or after it was manufactured into coats.

The defendant's evidence shows that when the serge was in the defendant's place of business in New Orleans his presser complained to him that in pressing the coats the material "fuzzed" and crackled, but the defendant did not make any further examination of the cloth or complain to plaintiff at that time, but proceeded to sell and deliver the coats to a customer, who retailed them.

The testimony of the witnesses for the defendant tends to establish that a simple inspection of the serge delivered showed that it was not of the same quality as the sample submitted. The defendant himself on this subject testified as follows:

"Q. I agree with you. That is the statement you made, but I ask if you can now look at the sample of what you should have gotten, and compare it with what you did get, and tell me whether or not you did get what you bought? A. I can tell I didn't get what I bought.

"Q. Just by looking at it? A. Just by feeling and looking at it. I looked at it and saw I did not get what I bought. But I don't say it is not worth the money. When I see quality like this, I don't know what is inside of it. We just go ahead and cut. The quality was the same, supposed to be. I didn't compare nothing. Just cut it."

 Under the laws of this state, when goods are sold on sample, it is the duty of the purchaser to examine them when delivered and, if they are not up to grade or quality, to reject them within a reasonable time. If the purchaser uses the material without objection, he is considered as having waived whatever defects may have existed in the material, where such defects might have been discovered upon simple inspection. Rev. Civ. Code, art. 2521; Fairchild Auto Co. v. Reed, 12 Orleans App. 351; Millaudon v. Price, 3 La. Ann. 4; Szymanski v. Urquhart, 5 La. Ann. 491; Rocchi v. Schwabacher & Hirsch, 33 La. Ann. 1364; Shultz v. Henderson, 134 La. 263, 63 So. 897; Corpus Juris, vol. 55, Verbo "Sales," § 268. It is clear that defendant cannot accept the merchandise, cut it, and manufacture it into garments when he knew or should have known, by simple inspection, that it was not up to the grade and quality of the sample, and then, without making any offer to return it, or any part thereof, claim its full purchase price and the expenses of manufacturing it into coats under a plea of compensation and set-off.

We believe that the verdict of the jury and judgment of the court below in allowing the full purchase price of the cloth under the plea of compensation and set-off is erroneous and should be set aside in that respect.

It is unnecessary for us to determine whether or not the defendant is entitled to a reduction in purchase price or action quanti minoris, because he makes no such claim in his pleadings.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court be amended by increasing it from the sum of $187.93 to the sum of $451.41, with legal interest from judicial demand until paid; defendant to pay the costs of both courts.

Amended.