## LOGAN POTTERY CO. v. MOSLEY.
### No. 14716.

Court of Appeal of Louisiana. Orleans.
Nov. 27, 1933.

J. A. Woodville, of New Orleans, for appellant.

Joseph Rosenberg, of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff, a manufacturer of stoneware, sues the defendant claiming $435.10 as the price of a car of merchandise sold to defendant. The purchase and receipt of the merchandise is admitted in the answer, but it is said that the quality was inferior to that which had been ordered, and in reconvention it is claimed that the plaintiff, because of the failure of defendant to pay this account, blacklisted the defendant with other concerns and manufacturers, with the result that it was damaged to the extent of $14,500.

There was judgment below in plaintiff's favor for $385.09, the reconventional demand being rejected. Defendant has appealed, and plaintiff has answered the appeal asking for an increase in the amount to the sum claimed in its petition.

The reconventional demand is unsupported by any proof and cannot be considered.

The goods purchased consisted of a number of stone jars, stone water coolers, etc., and arrived in the city of New Orleans on April 29, 1931. The freight was paid by defendant, the shipment unloaded, and the merchandise removed to the storehouse of defendant. A complaint was made at that time that a part of the shipment was seconds and not firsts as ordered, and a claim for a reduction in price of $50.01 was made. This credit was not allowed by the plaintiff, and thereafter a check for $239.00 was sent with the legend inscribed upon it, "Payment in full invoice April 20th, 1931." This check was returned, and a more or less heated correspondence ensued without a settlement being effected.

During the trial of the case, certain stone jars were exhibited in evidence and the claim made that they were seconds and that the covers did not fit; but the proof that these covers had been manufactured by the plaintiff is very unsatisfactory and evidently was insufficient to convince the trial judge. It also developed at the trial that the merchandise which the plaintiff had shipped defendant, whether firsts or seconds, with the exception of a few items, was sold by the defendant as firsts and the price collected by the defendant.

If there had been any serious objection to the merchandise which plaintiff shipped, the car should have been rejected upon its arrival. "The law presumes the acceptance of even that which is defective if use and retention for more than a reasonable time is shown, especially where there has been no tender or putting in default. See Champion Shoe Machine Co. v. Antonio Culmone, 8795 Orl. App. [1 La. App. 484]; Thomson Machinery Co. v. Williams Haley, 8833 Orl. App. [1 La. App. 538]; Robinson & Co. v. Louisiana Box Co., 8748 Orl. App. [1 La. App. 272]." Hooper v. Dry Hand Mop Company, 1 La. App. 621. See, also, William Whitman & Co. v. Solomon (La. App.) 144 So. 292; M. J. Wrenn, Doing Business as High Point Furniture Co. v. Lafayette Furniture Co., 151 So. 148, this day decided by us.

The trial judge allowed the defendant the $50.01 which was originally claimed upon the arrival and inspection of the goods. This is certainly the best that can be made of defendant's case, and while we are not certain, as we read the transcript, that the allowance is justified, we have concluded to affirm the judgment of the lower court.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.