## WRENN v. LAFAYETTE FURNITURE CO., Inc.*
### No. 14597.

Court of Appeal of Louisiana. Orleans.
Nov. 27, 1933.

Titche, Kiam & Titche, of New Orleans, for appellant.

Brian & Brian, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff claims $941, representing the alleged contract price of 30 suites of bedroom furniture sold by sample at Chicago in June, 1931, and delivered to the defendant in New Orleans during the early part of July, 1931.

Defendant denied liability, seeking to have the sale rescinded on the following grounds:

First, that the jade green bedroom suites had been improperly painted, the green paint having been applied over a walnut finish, which would have a tendency to cause the green paint to crack and peel off.

Second, that the walnut furniture was in a poor condition, the paint having cracked, the mirrors being too short to fill the frames of the vanity dressers, the veneer being loose and in some instances peeling off, and there also being gobs and scratches in the woodwork, particularly on the mirror frames. And,

Third, that twelve sets of maple furniture were purchased, five with chests of drawers and seven with chifforobes, and that the seven chifforobes were never delivered.

There was judgment in favor of the plaintiff, and defendant has appealed.

The record shows that the plaintiff is a manufacturer of furniture at High Point, N. C., and the defendant is engaged in the retail furniture business in New Orleans. In June, 1931, the plaintiff's salesman, at Chicago, secured the defendant's order for thirty bedroom suites, as per sample submitted there. The order was forwarded to the plaintiff's place of business in North Carolina, and on July 6, 1931, the merchandise was shipped to the defendant. Upon the arrival of the furniture in New Orleans, the defendant inspected five suites of the furniture and on July 9, 1931, complained by letter that the plaintiff had failed to ship seven chifforobes in connection with the maple suites. Before the plaintiff could reply, the defendant, on July 14, wrote the plaintiff another letter complaining of the condition of the jade green and walnut suites, and on the 15th wrote the plaintiff rejecting the entire shipment and refusing to pay for same.

With reference to the first two grounds of the defense, the testimony of the witnesses for the plaintiff tends to show that the furniture shipped and delivered was in accordance with the sample submitted at Chicago; the materials, workmanship, and finish being identical.

The witnesses for the defendant state that the furniture was defective in the respects outlined in defendant's answer. Some of the furniture was offered in evidence and inspected by the trial judge.

The suites consisted of four pieces each, so that when the defendant unloaded five suites of furniture, its representatives inspected about twenty pieces of the shipment; the balance not being inspected. Defendant admits that of the five suites unloaded and inspected it sold three or four to its customers at the price of $98 each, the suites having cost defendant on an average of $33 each. If the furniture was as glaringly defective as the defendant would have us believe, it is incomprehensible to us that defendant could have sold it to its customers at the price that was obtained for it. None of these custom-

ers complained or testified. We may say that the record in this case with reference to the defects in the furniture is substantially the same as that in the case of Wrenn v. New Orleans Chair Co., 145 So. 40, where the trial court and this court rejected a similar defense. Therefore, with regard to the first two grounds of the defense, our opinion is in accord with that of our learned brother below, to the effect that defendant has failed to establish the alleged defective condition of the merchandise.

■ The plaintiff admits that the order called for seven chifforobes and that they were not shipped. Upon the complaint of the defendant on July 9, 1931, that the chifforobes had not been delivered and that it could not use the suites without them and considered the shipment incomplete, the plaintiff, on July 13, replied admitting the omission from the order and requesting permission to deliver seven chests of drawers instead of the chifforobes, as plaintiff was out of chifforobes and it would be expensive to manufacture only seven of them. Defendant did not reply to this request, but on the 15th of July, 1931, rejected the entire shipment for the reasons above outlined. Thereafter the defendant, instead of standing by its rejection of the shipment, admittedly proceeded to sell three or four sets of the furniture. There is no doubt that the defendant could have required the plaintiff to furnish the seven chifforobes, because the order called for them. Plaintiff did not refuse to deliver the chifforobes, but merely asked for permission to substitute the chests of drawers. Without stating to the plaintiff that it would insist upon the delivery of the chifforobes, the defendant repudiated the whole sale upon the grounds of the alleged defective condition of the merchandise. Defendant never placed the plaintiff in default. The breach was a passive one and, under the provisions of article 1911 et seq. of the Rev. Civil Code, defendant was required to do so, and this it failed to do.

■ Furthermore, the defendant could not reject the entire shipment simply because seven maple chifforobes were not delivered. If the plaintiff, after being placed in default, had not delivered them, defendant's remedy was to either return the other pieces of the seven maple sets, or purchase the chifforobes on the open market and charge the difference in cost to the plaintiff.

■ Finally, we may say that defendant's position is inconsistent. It rejected the shipment and asked for the rescission of the sale, but thereafter proceeded to sell some of the merchandise. In the case of Wm. Whitman & Co., Inc., v. Solomon, 144 So. 292, 293, we said:

"Under the laws of this state, when goods are sold on sample, it is the duty of the purchaser to examine them when delivered and, if they are not up to grade or quality, to reject them within a reasonable time. If the purchaser uses the material without objection, he is considered as having waived whatever defects may have existed in the material, where such defects might have been discovered upon simple inspection. Rev. Civ. Code, art. 2521; Fairchild Auto Co. v. Reed, 12 Orl. App. 351; Millaudon v. Price, 3 La. Ann. 4; Szymanski v. Urquhart, 5 La. Ann. 491; Rocchi v. Schwabacher & Hirsch, 33 La. Ann. 1364; Shultz Belting Co. v. Henderson Iron Works & Supply Co., 134 La. 263, 63 So. 897; Corpus Juris, vol. 55, Verbo 'Sales,' § 268."

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.