McBRIDE, Judge.
Plaintiff sues for $241.20, the balance due on a conditional sales contract covering the sale of a seven-year-old automobile-truck. Defendant admits purchasing the truck and signing the conditional contract, but he makes the defense that the truck possessed redhibitory vices which rendered it absolutely useless for the purposes for which he had purchased it. In a reconven-tional demand he seeks to have the sale rescinded and recover judgment for $456.-46, representing payments which he had made on the contract, the cost of repairs to the truck, and for the amount of damages he was forced to pay by reason of the truck having collided with an automobile. After a trial on the merits, there was judgment in favor of plaintiff for $139.74, to *57 gether with IS per cent attorney’s fees. The demand in reconvention was dismissed. Plaintiff has appealed.
Briefly stated, the facts are that the sale was made at Laurel, Mississippi, on June 7, 1954, defendant paying $175 on account of the purchase price and signing the conditional sales contract for $421.20 in evidence of the deferred portion of the price. On the day of the sale defendant drove the truck to New Orleans, and his testimony is that on this trip he learned that the truck consumed an excessive quantity of motor oil. He further testified that the lighting system was defective and that subsequently the whole ignition system ceased to function. It- is said, also, that on August 4, 1954, the brake system failed which caused the truck to run into and damage an automobile.
While under LSA-C.C. art. 2520 a sale may be avoided because of some vice or defect in the thing sold, which renders it absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice, the jurisprudence of the State is to the effect that the purchaser by his actions might be held to have accepted the defective goods, thus waiving his right to claim the benefit of redhibition. The evidence convinces us that notwithstanding the truck may have been as defective as alleged, the defendant continued to make use of it and that he therefore has waived his right to have the sale rescinded.
The defendant says he purchased the truck for use in his brother’s business. On the journey to New Orleans the same day, the circumstance that the truck consumed an excessive amount of motor oil should have been sufficient to have apprised him of the fact that he had purchased a defective vehicle. He did not see fit to notify the vendor of his dissatisfaction with the truck, but continued using it, and it was about two or three weeks later that the lighting system proved to be defective and the entire ignition system ceased to function. Instead of complaining to the vendor, defendant took it upon himself to have certain repairs made and continued making use of the truck. The incident of the failure of the brakes and the collision with the other car took place on August 4 and still no complaints were made by defendant. The evidence shows clearly he continued to operate the automobile in connection with his brother’s business for at least four months after the purchase.
The record shows that defendant not only continued to use the truck, but he also made certain payments on the conditional sales contract which aggregated $180. He paid three installments of $35 each, or $105, in October, and on January 10, 1955, he remitted the amount of $75. All this is sufficient to destroy whatever right he had to raise the question of redhibition.
When a purchaser uses the thing which he has purchased for a considerable period of time with knowledge of its defects and makes part payments on the purchase price thereof without protest, he cannot, when sued for the balance due, repudiate the contract on the ground of redhibition. Moreau v. McGehee, La.App., 44 So. 2d 833; Murphy v. Ethridge-Atkins Corporation, La.App., 185 So. 487; Cleaners Equipment Corporation v. Weil Cleaners, Inc., La.App., 178 So. 771; G. J. Deville Lumber Co., Inc. v. Jaubert, 19 La.App. 48, 139 So. 502; Goode-Cage Drug Co. v. Ives, 16 La.App. 383, 133 So. 813; Ft. Wayne Engineering & Mfg. Co. v. Baker Fuel Oil Burner Co., 15 La.App. 275, 131 So. 470; Hooper v. Dry Hand Mop Co., Inc., 1 La.App. 621.
 In addition to what has been said, we are not satisfied that defendant ever tendered the return of the defective truck to the vendor. Defendant’s brother states that he offered to return the vehicle to Mr. Freeman and Mr. Ascona. The Mr. As-cona referred to has not been identified but the Mr. Freeman spoken of is one of the attorneys for plaintiff. This attorney was not employed to enforce payment of the balance due on the contract until some time after the January 1955 payment of $75 had been made by defendant, and if *58 it is true that an offer to return the truck was made to Mr. Freeman, such offer was only made some months subsequent to the date of the sale and it was therefore ineffective. One wishing to rescind a contract of purchase on the grounds of redhibition must tender the property to the seller within a reasonable time after discovery of the vices or he loses his right of rescission. Barnidge v. Cappel Motor Co., 12 La.App. 216, 125 So. 778.
For the reasons assigned, the amount of the judgment in plaintiff’s favor is increased to the sum of $241.20, and as thus amended and in all other respects the judgment is affirmed.
Amended and affirmed.