JANVIER, Judge pro tem.
This suit results from a claim by the plaintiff that certain bedroom, living-room and family-room draperies, which were fabricated, furnished and installed by defendant in plaintiff’s residence, were defective and that, as a result, plaintiff is entitled to reimbursement of the amount paid under the contract. The original claim was for the entire amount paid, $547.45, but it was stipulated that there was no defect in the bedroom draperies and that the claim should be reduced to $416.13.
There was judgment for plaintiff for that amount, with interest and costs, and defendant has appealed.
According to counsel for defendant, there are two contentions either of which should defeat the claim. First, it is contended that the complaint as to the defects in the draperies was not made within a reasonable time after their installation, and, second, it is argued that the plaintiff cannot recover because he did not tender the return of the draperies within a reasonable time and, in fact, has retained them ever since.
The record leaves no doubt at all that the draperies were defective. In fact, the effort of the defendant to obtain from the manufacturer of the material reimbursement or new material indicates that the material was defective to such an extent that everybody realized the bad condition of the draperies.
The defendant showed that it was willing to remake the draperies provided the manufacturer of the material would furnish new material without cost, and that when the manufacturer offered to furnish new material at one-third less than the cost of the other material, it, the defendant, would have remade the draperies, but the plaintiff refused to pay any part of the cost which would result from this new operation.
There is some effort to show that there was no guarantee of the material and that the plaintiff’s wife knew of this. The record falls short of showing that there was any such agreement, or that plaintiff’s wife or plaintiff was advised that there was no guarantee of the material.
The contract was dated June 30, 1960, and Mrs. Zibilich, the wife of the plaintiff, says that, about a week or two after the installation of the draperies, which was during the month of July and after the purchase price had been paid in full, she noticed that the draperies on one of the windows did not hang together and began to buckle out and pucker and that it looked “very dreadful.” She says that she called Mrs. Pine, the representative of the defendant who had negotiated the contract, and that after that the other draperies also began to show the same defect. Mrs. Zibilich is not certain as to just when she made the complaint, and, according to the records of defendant, no complaint was made until November 26. Plowever, the record convinces us that during the period between the installation of the draperies and November 26 complaints were made as to their condition.
Evén assuming that no complaint was made until November 26, we cannot lose sight of the fact that the defects made their appearance not all at one time, but rather slowly, and under these circumstances, we do not believe that the plaintiff was negligent in not making earlier complaint.
The only contention which warrants serious consideration is that plaintiff has retained the draperies and did not remove them and tender them back to the defendant. Defendant in support of this *438 contention relies upon Article 2S20 of our LSA-Civil Code, and maintains that, where there is a redhibitory vice in an article, the article must be tendered back before the return of the purchase price can be demanded. That, of course, is true whenever it is reasonably possible to physically tender the return of the defective article, but it has no application in a case of this kind where it is shown, as this record abundantly demonstrates, that when the defects were discovered and the return of the purchase price was demanded, the plaintiff, on several occasions, called on defendant to remove the draperies and defendant refused to do so. Plaintiff said that from time to time he called on defendant to remove the draperies but this offer “was finally re-j ected.”
Defendant relies on several decisions in support of these two contentions. First, counsel for defendant cites Ducore v. Gross, La.App., 110 So.2d 752, in which draperies were claimed to be defective and in which we held that the retention of the draperies and the delay in calling attention to the defects prevented recovery by the plaintiff. There, however, the draperies were installed in June of one year and we said that "no serious complaint was made until April, 1952,” the following year which was about ten months after the installation. We also found that an expert who examined the draperies testified that he “found very little which would justify complaint.”
Counsel in contending that the draperies should have been actually tendered back to defendant directs attention to William Whitman & Co., Inc. v. Solomon, La.App., 144 So. 292, in which we held that the material should have been tendered back to the manufacturer who had sold it. There, however, the clothing material which was sold was delivered to the purchaser and the defects in it were apparent and should have been noticed by the purchaser who, instead of complaining, made it up into garments and then sold the garments. We held that the defects should have been noticed and the material should not have been used. Here the defects were not apparent and did not make their appearance until after complete installation.
In the other cases cited by defendant, to-wit: Combs v. International Harvester Co., La.App., 115 So.2d 641; C. T. Street, Inc. v. Breeland, La.App., 88 So.2d 56 and Wrenn v. Lafayette Furniture Co., La.App., 151 So. 148, the facts were not at all similar to those found here. In the Combs case there was a sale of an automobile which the Court held was obviously defective, and, while the Court said that “a vendee must timely bring an action for rescission”, it held that the plaintiff was entitled to recovery of the purchase price because of the defect.
In the Street case the purchaser of a truck attempted to avoid payment on the ground that the truck purchased was defective. We refused to allow this for the reason that the purchaser knew of the defects and made payment on the purchase price after learning of them.
In the Wrenn case a purchaser of furniture from a manufacturer attempted to avoid the sale, but recovery was denied on the ground that the furniture was sold by sample and that when the goods were delivered obviously they did not comply with the requirements and moreover the purchaser sold to retail purchasers many of the-articles complained of.
Our conclusion is that the draperies were defective; that complaint was made within a reasonable time, and that the purchaser, on discovering the defects, was required to do no more than to ask the vendor to-remove them and return the purchase price.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.