ON APPLICATION FOR REHEARING
PER CURIAM.
This court has considered the argument that the defective bricks were used by defendant in the instant case and not tendered to plaintiff. However, we are mindful that defendant had expended a substantial sum (or approaching the same amount as that claimed by the plaintiff) on the installation of the bricks before the defect was discovered.
Furthermore, we note that when the controversy arose as to the defectiveness of the bricks, one of the alternatives that defendant offered to plaintiff was that plaintiff could remove the bricks from the garage itself and reimburse defendant for the money he spent for the bricklayer and mortar. Plaintiff obviously did not accept this alternative. A similar situation arose in the case of Zibilich v. Metry Upholstery, Inc., 148 So.2d 436, 438 (La.App. 4th Cir. 1963) involving defective draperies wherein the court considered defendant’s contention that plaintiff had failed to tender back the draperies to defendant in an action in redhi-bition. The court aptly stated therein:
“ * * * Defendant in support of this contention relies upon Article 2520 of our LSA-Civil Code, and maintains that, where there is a redhibitory vice in an article, the article must be tendered back before the return of the purchase price can be demanded. That, of course, is true whenever it is reasonably possible to physically tender the return of the defective article, but it has no application in a case of this kind where it is shown, as this record abundantly demonstrates, that when the defects were discovered and the return of the purchase price was demanded, the plaintiff, on several occasions, called on defendant to remove the draperies and defendant refused to do so. Plaintiff said that from time to time he called on defendant to remove the draperies but this offer ‘was finally rejected.’ ” (Emphasis ours.)
To require the defendant to incur the additional cost of removing the installed bricks from the garage in addition to dray-age costs, in order to tender them to plaintiff, would, in our opinion, be an exercise in futility and onerous, therefore, unreasonable in these circumstances.
The law does not require one to do a vain and useless thing. Perkins v. Chatry, *582 58 So.2d 349, 352 (Orl., La.App.1952) writ denied; Harkness v. Leggett, 171 La. 405, 131 So. 190 (1930). Therein lies the basis for our determination that plaintiff be deprived of the price of the bricks used by the defendant.
Accordingly, the Application for Rehearing herein is denied.